# EXHIBIT A



**John S. Irving**
E&W Law
1455 Pennsylvania Ave., N.W., Suite 400
Washington, D.C. 20004
301-807-55670
John.Irving@earthandwatergroup.com

July 29, 2022

Gary M. Stern, Esq.
General Counsel
National Archives and Records Administration
8601 Adelphi Road
College Park, Maryland 20740-6001
Via Email: garym.stern@nara.gov

    Re:    Peter K. Navarro

Dear Mr. Stern:

As discussed on Monday, July 25, we have been actively working to identify records within Mr. Navarro's possession, custody, and/or control that are potentially responsive to NARA's request. As you know, this effort has already involved a substantial investment of time and resources. Specifically, we have now completed the process of creating a forensic image of Mr. Navarro's cell phones and have also completed an extraction of records from Mr. Navarro's personal Protonmail account, all of which we will continue to preserve consistent with our ethical obligations.

During this process, the occurrence of several events causes us to question whether Mr. Navarro's procedural due process rights may be at risk of infringement. As you are aware, Mr. Navarro was first contacted by NARA on or about December 16, 2021, concerning your belief that Mr. Navarro may be in possession, custody, or control of records the subject of the Presidential Records Act, 44 U.S.C. § 2201 *et seq*.

In the meantime, as you are no doubt aware, Mr. Navarro has now been indicted for allegedly having failed to comply with a subpoena issued by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol. Mr. Navarro's response to that subpoena was informed by his interaction with the U.S. House Select Subcommittee on the Coronavirus Crisis, which apparently accepted Mr. Navarro's assertion of executive privilege in that he received no response to his last correspondence with the Subcommittee on December 14, 2021, in which he advised he could not comply with the subpoena due to his obligation to invoke executive privilege.

Several circumstances appear unlikely to be coincidental and give us concern about coordination between various government investigations and the protection of Mr. Navarro's constitutional rights. To start, NARA's initial letter to Mr. Navarro on December 16, 2021, came just one day after the return date for the Coronavirus Select Subcommittee's subpoena for records. We now believe NARA's initial request was precipitated by that Select Subcommittee. Then, on June 1, 2022, just one day prior to the return of the Department's indictment and after more than six months of inaction, Mr. Navarro received correspondence from Elizabeth Shapiro, Deputy

Page 2

Director of DOJ's Civil Division Federal Programs Branch, informing him of the Department's intent to file suit "for the recovery of wrongfully withheld documents."

Thereafter, on June 26, 2022, Mr. Navarro, though counsel, wrote the Department to request all discoverable materials in his criminal action pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  Among other things, Mr. Navarro requested any communications as between the Department and the Coronavirus Select Subcommittee advising that all such communications were both exculpatory and material to Mr. Navarro's defense in that they support his understanding that executive privilege precluded his compliance with the subpoenas of both the Coronavirus Select Subcommittee and the January 6th Select Committee.  Then, *later that day*, the Coronavirus Select Subcommittee renewed its demand that Mr. Navarro comply with its subpoena – the first contact that Mr. Navarro (or his counsel) had had with the Subcommittee since a letter Mr. Navarro sent to the Subcommittee on December 14, 2021.  Further exacerbating our concerns is the fact that the Coronavirus Subcommittee's request was that Mr. Navarro comply with *NARA's* request that Mr. Navarro provide any records in his possession, custody, or control covered by the PRA.  In combination, any suggestion that this series of events is merely coincidental defies reason.

Put simply, we are concerned that the government is using the Presidential Records Act as a discovery tool, not only with respect to Mr. Navarro's ongoing criminal case, but with respect to broader investigations being conducted by both Congress and the Executive Branch.  While we acknowledge Mr. Navarro's obligations under the Presidential Records Act we also must acknowledge the conflict as between the Act and his rights under the Constitution, including the Fifth Amendment.

As you may be aware, the Supreme Court has recognized that the act of producing materials in response to a subpoena or other request implicates an individual's privilege against being compelled to incriminate themselves through testimony.  *See Fisher v. United States*, 425 U.S. 391, 410-11 (1976).  The so-called "act of production privilege" thus precludes the government from compelling the production of records which, by implication both acknowledges "the existence of the papers demanded and their possession or control."  *Id.*  Moreover, Mr. Navarro is not a custodian of any responsive records such that his production of the same could not be used against him in a criminal proceeding.  *See United States v. Dean*, 989 F.2d 1205, 1208-11 (D.C. 1993).

Accordingly, in advance of any production of materials responsive to your request, we ask that the Department of Justice provide Mr. Navarro with act-of-production immunity with respect to any such production. We reiterate our willingness to work with you to ensure Mr. Navarro's compliance with the Presidential Records Act, and we appreciate your prior assistance in providing search parameters to better target relevant information.  We also against confirm that we have forensically preserved Mr. Navarro's records, and they will be available for production when we receive assurances from the government that any such production does not infringe on his fundamental Constitutional procedural rights.

Page 3

                                      Very truly yours,

                                      E&W Law

                                      By:   */s/ John S. Irving*
                                                John S. Irving

cc:

Justin Sandberg, Esq.
U.S. Department of Justice
Federal Programs Branch, Civil Division
Washington, D.C. 20530
Via Email: justin.sandberg@usdoj.gov

Lee Reeves, Esq.
U.S. Department of Justice
Federal Programs Branch, Civil Division
Washington, D.C. 20530
Via Email: lee.reeves2@usdoj.gov

John P. Rowley III, Esq.
SECIL Law
Via Email: jrowley@secillaw.com