# Exhibit C

**Reeves, Lee  (CIV)**

| | |
|---|---|
| **Subject:** | [EXTERNAL] RE: Navarro: Presidential Records transfer to NARA |

**From:** Stanley Woodward <stanley@brandwoodwardlaw.com>
**Sent:** Thursday, May 11, 2023 4:25 PM
**To:** Reeves, Lee (CIV) <Lee.Reeves2@usdoj.gov>
**Cc:** Gary Stern <garym.stern@nara.gov>; Hannah Bergman <Hannah.Bergman@nara.gov>; Saslaw, Alexandra R. (CIV) <Alexandra.R.Saslaw@usdoj.gov>; Mark Nobile <mark@brandwoodwardlaw.com>; Stan Brand <stanleymbrand@gmail.com>
**Subject:** Re: [EXTERNAL] RE: Navarro: Presidential Records transfer to NARA

Lee -

First, with respect to the Court's April 12, 2023, Minute Order regarding our obligation to complete all "searches" by May 8, 2023, your Proposed Order, which the Court adopted, required us to search for all correspondence with a .gov or a .mil domain.  We have done that.  Any suggestion that our searches were not adequate or reasonably calculated to capture correspondence the subject of the PRA strains credulity given that you proposed the search we performed.

Second, your reference to 30k emails from 800 domains is wholly irrelevant.  Those numbers reflect the total number of emails contained within Dr. Navarro's email without any filtering for date restrictions, custodians, or subject matter.  We hope it is undisputed that the only records relevant to this process would have been created or exchanged between January 20, 2017, and January 20, 2021, and have restricted our searches accordingly.  To that end, as we believe Mr. Irving communicated to you (Complaint ¶ 37), the 1,700 emails you reference were *potentially* subject to the PRA.  Following his review of the same, he identified only 250 that he concluded were subject to the PRA, and those records have now been produced to you.  Of note, that means only 15% of the emails he reviewed, again based on search terms you provided, were actually subject to the PRA.

Third, this is far from a FOIA request and any comparison thereto is misplaced.  To whit, Dr. Navarro is a private citizen.  FOIA requests are directed to the Executive Branch of the United States Government.

With respect to your specific requests:

1.  We decline.  Nothing in the Court's Orders, or any case law or regulation with which we're familiar permits the government to compel Dr. Navarro to provide testimony, which is what your request amounts to.  If you're aware of any email account you have cause to believe contains presidential records covered by the PRA, please identify the same and we'll collect and search it.

2.  We decline.  The Fourth Amendment precludes the government from conducting unreasonable searches.  Your request amounts to just such a search - surely the government would not suggest that it could enter Dr. Navarro's residence and rifle through his filing cabinets to count the number of paper files within his possession, custody, or control.  Nor does the PRA authorize the government to invade his privacy to determine how many personal or otherwise non-official emails he may have exchanged during his tenure with the Trump Administration.  To that end, as we note above, only 15% of the communications Mr. Irving identified as a result of your proposed search terms were actually determined by him to be records subject to the PRA.  Therefore, the total number of records he possesses is irrelevant.

3.  As explained in our emails to you, and which you appear to acknowledge above, at your request we searched for any correspondence with a user/custodian that had a .mil or a .gov account.  If you have another search you believe would better identify records subject to the PRA, please let us know and we'll run it.

Thanks,

Stanley


**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)

+1.202.302.7049 (m)

+1.202.996.0113 (f)