IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.  ) <br> ) <br> PETER K. NAVARRO,  ) <br> ) <br> Defendant.  ) | Case No. 1:22-cv-02292-CKK |

## STATUS REPORT

1. This Court issued an order and judgment granting the government's motion for summary judgment on March 9, 2023 and ordering, *inter alia*, that Dr. Navarro take steps to identify any records as defined under the Presidential Records Act ("PRA") in Dr. Navarro's possession. This Court also ordered that Dr. Navarro and the government should try to reach an agreement, if possible, on how to conduct the search, review, and transfer of any PRA records from Dr. Navarro to the government. (ECF No. 015-016).

2. On March 23, 2023, Dr. Navarro filed a notice of appeal in this matter. Notice of Appeal, (ECF No. 019).

3. On April 12, 2023, Dr. Navarro's motion for stay pending appeal was denied by the D.C. Circuit Court of Appeals. Afterwards, counsel for Dr. Navarro began the process of complying the District Court's March 9, 2023 (ECF No. 015-016) order while considering whether to pursue the appeal further.

4. In accordance with the Court's order, on April 14, 2023, counsel for Dr. Navarro produced to the government the "200 to 250 documents identified as Presidential records" that

were identified and compiled prior to the commencement of the underlying action by Dr. Navarro's prior counsel.[1]

5.     On April 3, 2023 and as reflected in the April 8, 2023 Joint Status Report, the government requested that Dr. Navarro search, "his email for all correspondence with a .gov or .mil domain."

6.     Dr. Navarro complied and, on May 8, 2023, counsel for Dr. Navarro provided an update stating that a search uncovered about 800 total responsive emails in his possession identified as a result of the search requested by the government. Such emails would need to be reviewed to determine if they are PRA records, and counsel for Dr. Navarro proposed a timeline for review, process, and transfer of those PRA records. Counsel for Dr. Navarro also proposed that the government could identify any further search parameters the government wished for Dr. Navarro to run.

7.     On May 10, 2023, government counsel sent a broad correspondence claiming, *inter alia*, that Dr. Navarro's initial production was deficient and therefore did not meet the requirements of the Court's prior order, asserting that prior counsel had identified the existence of 30,000 emails. In the same correspondence, government counsel made broad demands that exceeded the scope of the terms of the April 8, 2023 Joint Status Report, namely seeking Dr. Navarro to identify all personal email accounts in his control, to identify the number of emails in all of his email accounts, and to provide the search terms and methodology used to identify the 800 potentially responsive PRA records identified by Dr. Navarro's counsel. In the same

---

[1]     On April 14, 2023, counsel for the government for the first time stated that any production would need to be produced in a specific and uncommon format. Counsel for Dr. Navarro stated the same day that the parties never discussed formatting requirements. On April 17, 2023, counsel for the government gave counsel for Dr. Navarro forty-eight hours to produce these records in the requested format. On April 19, 2023, counsel for Dr. Navarro provided the records in the requested format to the government.

correspondence, government counsel also rejected the suggestion that the government could provide search terms to Dr. Navarro to assist in identifying PRA records. (Exhibit B, Status Report (May 15, 2023) (ECF No. 26).

8. In response, counsel for Dr. Navarro stated to government counsel that the Court's initial order required the production of the PRA records that had been identified prior to the commencement of this action and by previous counsel, were uncovered as a result of terms provided by the government. Further, counsel for Dr. Navarro provided those records to the government in compliance with the Court's order. Counsel for Dr. Navarro similarly reminded the government that Dr. Navarro's prior counsel had identified 30,000 emails in total, 7,000 of which were responsive to terms provided by the government, and approximately only 250 of which could be qualified as PRA records, and reminded the government that they acknowledged this distinction in their own Complaint. *See* Complaint, (ECF No. 001), ¶ 37. The Court's order noted that those prior-identified PRA records were to be produced to the government. Counsel for Dr. Navarro also reminded the government that the search parameters run that led to the identification of approximately 800 more potential PRA records were based on parameters provided by the government. Counsel for Dr. Navarro reiterated his position the government should, as it had done in the past, provide search parameters that they had reason to believe would lead to the uncovering of PRA records in Dr. Navarro's custody.

9. Government counsel now seeks to go beyond the scope of the Court's order by seeking to compel Dr. Navarro to essentially testify as to all his personal email accounts, and by seeking to have Dr. Navarro to essentially allow the government to search the contents of Dr. Navarro's private email accounts.

10. Generally, "the filing of a notice of appeal divests the district court of control over those aspects of the case involved in the appeal." *See Broidy Cap. Mgmt. LLC v. Muzzin*, 2022 U.S. Dist. LEXIS 106994 at *6 (D.D.C. Jun. 15, 2022) (internal quotations omitted) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The district court does retain jurisdiction for limited reasons, namely to "preserve the status quo until decision by the appellate court. . . and otherwise [to] act in aid of the appeal." *See Muzzin*, U.S. Dist. LEXIS 106994 at *6 (internal quotations omitted) (quoting *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922)) (quoting *Grand Jury Proc. Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991).

11. With respect to the jurisdictional issue, Dr. Navarro notes that the Court neither ordered Dr. Navarro to broadly testify to the government as to how many personal email accounts he has, nor did the Court order Dr. Navarro to provide the government access to any contents of his email accounts outside of any PRA records. Further, neither the PRA nor the D.C. Replevin Statute, D.C. Code § 16–3701 et seq., authorize a plaintiff the broad power to seek testimony or to search property beyond the scope of PRA records and/or the improperly withheld property to be returned through replevin.

12. Further, Dr. Navarro notes that because a notice of appeal has been filed, the district court's jurisdiction is divested and should only be applied to enforce its judgment, which requires the identification and production of PRA records rather than the compelled testimony of Dr. Navarro and the government's broad access to Dr. Navarro's personal emails.

13. With respect to the government's request that Dr. Navarro identify all personal email accounts in his control, if the government seeks to compel testimony from Dr. Navarro, it must go through the proper processes as authorized by the relevant Federal Rules of Civil

Procedure, local rules, PRA statutory sections, and D.C. Replevin sections. The fact that this Court granted the government's motion for summary judgment does not allow them to compel Dr. Navarro to testify in relation to the judgment.

14. With respect to the government's request that Dr. Navarro identify all emails in any of his personal email accounts, Dr. Navarro has a reasonable expectation of privacy over the contents of his email (other than any PRA records that may be in his accounts), and any search of same is subject to the protections of the Fourth Amendment. *See in re Search of Info. Associated with @mac.com*, 25 F. Supp. 3d 1, 8 (D.D.C. 2014) ("Given the fundamental similarities between email and traditional forms of communication, it would defy common sense to afford emails lesser Fourth Amendment protection.") (quoting *United States v. Warshak*, 631 F.3d 266, 285-86 (6th Cir. 2010). Indeed, even if the government sought to argue that these accounts were used when Dr. Navarro was a public employee and therefore the government has a clearer method to summarily search the contents of any such accounts, he still would have a reasonable expectation of privacy as to the contents of his private email accounts. *See O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (plurality opinion) ("Searches and seizures by government employers or supervisors of the private property of their employees, therefore, are subject to the restraints of the Fourth Amendment."). *See also Mancusi v. DeForte*, 392 U.S. 364, 368-69 (1968).

15. Given that the government now seeks the identification of all contents of Dr. Navarro's personal email accounts, such an action is a search subject to the Fourth Amendment.

16. Ultimately, the government seeks to go beyond the Court's order, especially considering that counsel for Dr. Navarro reasonably believes that a significant majority of the contents of Dr. Navarro's email accounts are not PRA records and therefore not government property.

17.     Dr. Navarro has proposed to the government a production schedule for the roughly 800 newly identified potential PRA records.  Dr. Navarro respectfully requests that the Court issue a scheduling order based upon the Dr. Navarro's proposal, whereby at least 200 responsive documents will be reviewed per week, and anything deemed PRA records will be produced to the government at the end of each week.

18.     Dr. Navarro also notes that he remains willing to run any searches that the government believes may lead to the discovery of PRA records.


Dated: May 15, 2023                                        Respectfully Submitted,

                                                                                */s/ Stanley E. Woodward, Jr.*
                                      Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                      Stan M. Brand (D.C. Bar No. 213082)
                                      BRAND WOODWARD LAW, LP
                                      1808 Park Road N.W.
                                      Washington, D.C.  20010
                                      202-996-7447 (telephone)
                                      202-996-0113 (facsimile)
                                      Stanley@BrandWoodwardLaw.com

                                      *Counsel for Peter K. Navarro*

**CERTIFICATE OF SERVICE**

On May 15, 2023, the undersign hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

*/s/ Stanley E. Woodward*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)