UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>PETER K. NAVARRO,<br>　　　　Defendant. | Civil Action No. 22-2292 (CKK) |

**ORDER**
(May 19, 2023)

　　　The Court is in receipt of Plaintiff's [26] Status Report and Defendant's [27] Status Report. On March 9, 2023, the Court entered judgment in favor of Plaintiff, ordering Defendant to, among other things, meet and confer with Plaintiff and propose "search terms and methodology . . . to unequivocally identify Presidential records in Defendant's possession." ECF No. 15. The parties filed their joint proposal on April 8, 2023, ECF No. 24, which the Court approved on April 12, 2023. The parties jointly agreed that Defendant would conduct multiple searches on "all email accounts on which he conducted official business." ECF No. 24 at 2. First, Defendant would "search his email for correspondence with a .gov or .mil domain," and, then, Defendant would "use these results to conduct" further searches. *Id.* The parties agreed that Defendant would "complete all searches for Presidential records by May 8, 2023." *Id.* The Court adopted this schedule, ordering Defendant to "complete all searches for Presidential records on or before May 8, 2023" and ordering the parties to file a joint status report by May 15, 2023 proposing a deadline for the delivery of Presidential records to the United States, their rightful owner.

　　　Plaintiff represents that Defendant has complied with the first step, searching correspondence for .gov or .mil domains, but has not conducted the remaining searches mandated by the Court's judgment and court order. ECF No. 26 at 4. It appears from his status report that Defendant has refused to conduct those subsequent searches. ECF No. 27 at 2. To the extent that Defendant contests that he must also conduct further, exhaustive searches of all accounts on which he conducted official business, he misunderstands the Court's prior orders. He must comply with the methodology to which he agreed in the parties' April 8, 2023 joint proposal. This includes searching for the names of anyone associated with the .gov or .mil domains and subject matters "that relate to his official duties." *See* ECF No. 24 at 2. At present time, the Court does not intend on mandating additional search terms. However, suffice it to say, Defendant has clearly not "complete[d] all searches for Presidential records on or before May 8, 2023," as required by Court order. The judgment clearly encompasses *all* communications on Defendant's personal accounts related to Defendant's official duties, not merely those addressed to or received from an email address ending in .mil or .gov. The parties' joint proposal does the same. Further failure to adhere to the judgment entered in this case and

1

the Court's orders effectuating that judgment may result in a show-cause order.

      To further effectuate the Court's judgment, the Court sets the following deadlines.  On or before **May 22, 2023**, Defendant shall search for and identify all Presidential records generated across any and all of his personal accounts on which he transacted official business using, at minimum:   (1) the names of officials with email addresses ending in .gov or .mil that have already been produced as Presidential records to date and (2) subject matters that relate to his official duties that have appeared in the Presidential records produced to date.  Out of that universe, and on or before **May 25, 2023**, Defendant shall provide all Presidential records to Plaintiff.  Defendant shall file a certificate of compliance on or before **May 26, 2023**.  If Plaintiff considers these productions deficient, then it shall file a motion to enforce the Court's judgment on or before **May 31, 2023**.

      Before concluding, the Court briefly notes that, contrary to Defendant's declamations, Plaintiff has not, in fact, requested that Defendant produce *personal* records in Defendant's possession, and Defendant has no Fourth Amendment interest in property belonging to the United States.  Nor does the Court lack jurisdiction to enforce its judgment mandating Defendant produce to Plaintiff property belonging to Plaintiff.  *See Deering Milliken, Inc. v. FTC*, 647 F.2d 1123, 1129 (D.C. Cir. 1978).

      **SO ORDERED**.

Date:  May 19, 2023

                                                            /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge