**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| **v.** | ) ) | **Case No. 1:22-cv-02292-CKK** |
| **PETER K. NAVARRO,** | ) ) ) | |
| **Defendant.** | ) ) | |

**SECOND STATUS REPORT**

Defendant Dr. Peter K. Navarro, by and through the undersigned counsel, hereby submits

this Second Status Report concerning compliance with the Court's Order and Judgment (March

9, 2023) (ECF No. 15), in the above-captioned action.  Specifically, on May 19, 2023, the Court

entered an Order (ECF No. 28) (the "Enforcement Order") directing Dr. Navarro to, *inter alia*,

conduct additional searches of his electronic records and produce all Presidential Records subject

to The Presidential Records Act of 1978 ("PRA"), 44 U.S.C. §§ 2201-2209.  On May 25, 2023,

Dr. Navarro produced an additional 211 Presidential Records to the government, which Dr.

Navarro reasonably believes to constitute the remainder of such Presidential Records within his

possession, custody, or control.  Dr. Navarro submits the following in support of his submission

that he has complied with the Court's Enforcement Order, and thus the Court's Order and

Judgment:

1.       Pursuant to the Enforcement Order, on or before May 22, 2023, the undersigned

counsel searched for and identified "all Presidential Records generated across any and all of [Dr.

Navarro's] personal accounts on which [Dr. Navarro] transacted official business."  Specifically,

Dr. Navarro's ProtonMail account was processed and loaded into Relativity, a cloud-based

eDiscovery software that permits advanced metadata searches of electronic data, including

emails.  Thus, pursuant to the Court's Enforcement Order, Dr. Navarro utilized relativity to

search his ProtonMail account metadata for, "the names of officials with email addresses ending

in .gov or .mil that have already been produced as presidential records to date."  Separately, but

also pursuant to the Court's Enforcement Order, Dr. Navarro utilized Relativity to search his

ProtonMail account metadata for, "subject matters that relate to his official duties that have

appeared in Presidential Records produced to date."  To effect these searches and the subsequent

production of records in response thereto, Dr. Navarro has incurred tens of thousands of dollars

in expenses.

2.      With respect to the "four non-official email accounts [used] to conduct official

business during his government tenure" referenced by the government, Status Report (May 15,

2023) (ECF No. 26), Dr. Navarro would note that the government has yet to identify the accounts

to which it refers.  Moreover, given the relatively short time period within which Dr. Navarro

was to complete his searches in accordance with the Court's Enforcement Order, it was not

possible to process and upload Dr. Navarro's other personal email accounts to Relativity for

advanced forensic searching.  Nevertheless, Dr. Navarro conducted manual searches within these

accounts and further conducted searches of his ProtonMail account for reference to all known

personal email accounts within the relevant time period (January 20, , through January 20,

20221).  Following such searches, Dr. Navarro identified no emails that were not also contained

within (and thus produced from) Dr. Navarro's ProtonMail account or Dr. Navarro's official

White House email account.  Put differently, for any official correspondence sent to or from an

account other than Dr. Navarro's ProtonMail account or his official White House account, either

Dr. Navarro's ProtonMail account or his official White House account are also included (either

as having been sent from, to, copied, or blind copied) and thus the government is now in possession of such correspondence.

3.     To that end, the government mistakenly asserts that Dr. Navarro, "continues to thwart the United States' ongoing efforts to effectuate this Court's March 9, 2023, Judgment and Order [sic] and several subsequent, related production orders."  Status Report at 2 (May 15, 2023) (ECF No. 26).  Dr. Navarro, on the advice of counsel, challenged the government's proposed approach to reclaiming Presidential Records and subsequently sought appellate relief from this Court's denial of such a challenge.  Although Dr. Navarro and his counsel respectfully disagree with the decisions of this Court and the Court of Appeals, the undersigned cannot ethically advise Dr. Navarro to "thwart" the lawful Order of this Court absent a stay of such Order, which was denied both by this Court and the Court of Appeals.  Accordingly, if the government, or the Court, is aware of any additional Presidential Records that Dr. Navarro has failed to produce, and/or any searches that Dr. Navarro could conduct to identify such records, Dr. Navarro, through counsel, will diligently search for and/or conduct the same.[1]

## CONCLUSION

Although Dr. Navarro appreciates the storied history of this case and the accusations by the court of public opinion that Dr. Navarro is overtly obstreperous,[2] Dr. Navarro acknowledges he has exhausted the legal avenues of challenging immediate compliance therewith and thus

---

[1] Dr. Navarro would observe that despite the Court's ordering the government (and Dr. Navarro) to submit a "joint status report" on or before May 15, 2023, the government at the Eleventh Hour elected to file a status report without the benefit of any consultation by Dr. Navarro.  If the government is aware of a single Presidential Record Dr. Navarro has failed to produce, then counsel welcome identification of the same and will immediately produce any such record.  If anything, the government cannot dispute that Dr. Navarro's latest production in response to the Court's Enforcement Order is overinclusive, to include indisputably personal correspondence not arguably Presidential Records under the PRA.

[2] *See Liz Dye*, Peter Navarro Says He Doesn't Have to Give Back Stolen Docs Because it Would Make Him Look Super Guilty, Above the Law (Oct. 24, 2022), https://abovethelaw.com/2022/10/peter-navarro-says-he-doesnt-have-to-give-back-stolen-docs-because-it-would-make-him-look-super-guilty/ (last visited May 27, 2023).

believes he has now fully complied with the Court's Order and Judgment in this action.  To the

extent either the government or the Court conclude otherwise, Dr. Navarro is prepared to remedy

any such oversight consistent with this Court's Enforcement Order and any applicable

constitutional or other privileges and rights.


Dated: May 27, 2023                                     Respectfully Submitted,

                                                            /s/ Stanley E. Woodward, Jr.
                                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                                        Stan M. Brand (D.C. Bar No. 213082)
                                                        BRAND WOODWARD LAW, LP
                                                        1808 Park Road N.W.
                                                        Washington, D.C.  20010
                                                        202-996-7447 (telephone)
                                                        202-996-0113 (facsimile)
                                                        Stanley@BrandWoodwardLaw.com

                                                        *Counsel for Peter K. Navarro*

## CERTIFICATE OF SERVICE

On May 27, 2023, the undersign hereby certifies that a true and correct copy of the

foregoing was electronically filed and served via the CM/ECF system, which will automatically

send electronic notification of such filing to all registered parties.

Respectfully submitted,

_____/s/ Stanley E. Woodward_____
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)