# Exhibit A

| | |
|---|---|
| **From:** | Stanley Woodward |
| **To:** | Reeves, Lee (CIV) |
| **Cc:** | Gary Stern; Hannah Bergman; Saslaw, Alexandra R. (CIV); Mark Nobile; stanleymbrand@gmail.com |
| **Subject:** | Re: [EXTERNAL] RE: Navarro second production |
| **Date:** | Tuesday, May 30, 2023 9:58:45 PM |

Lee - we certainly understand your position, but we also don't want to overcommit. As we noted in our prior correspondence, any further voluntary disclosure of information will require the explicit consent of our client. And we don't know whether we will be in a position to answer all your questions by Friday or thereafter.

That said, as we explained in our status report, we have every intention of facilitating complete compliance with the PRA. We think doing so may require some thinking outside the box by counsel for both parties.

To that end, to the extent you have case law or other authority that would serve the basis for an order requiring the disclosure of information such as search terms we would welcome the same in our effort to persuade further disclosures.

In the meantime, tomorrow morning we'll provide as much information as we can regarding your requests as well as proposed nexts steps for ensuring that all PRA records have been produced (we believe they have, but want to reassure you of the same).

Thanks,

Stanley

Sent from my iPhone

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
+1.202.302.7049 (m)
+1.202.996.0113 (f)


> On May 30, 2023, at 3:33 PM, Reeves, Lee (CIV) <Lee.Reeves2@usdoj.gov> wrote:
>
>
> Stanley,
>
> Thanks for your email. I appreciate your willingness to work with us, and we are amenable to filing a consent motion for a modest extension of time. Specifically, we are willing to seek an extension until Friday, June 9 provided that you are willing to answer the questions we have posed below in full by this Friday, June 2, at 12 p.m. Then, any motion to enforce from the Government would be due the following Friday,

June 9.  We believe that this division of time is fair to both parties while respecting the Court's clear desire to resolve this matter on an expedited schedule.

If you are amenable to this, I am happy to prepare and file a consent motion to this effect.  If not, we are prepared to proceed on the schedule currently in place.

Please let me know as soon as possible.

Thanks,

Lee

---

**From:** stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>
**Sent:** Tuesday, May 30, 2023 1:38 PM
**To:** Reeves, Lee (CIV) <Lee.Reeves2@usdoj.gov>
**Cc:** 'Gary Stern' <garym.stern@nara.gov>; 'Hannah Bergman' <hannah.bergman@nara.gov>; Saslaw, Alexandra R. (CIV) <Alexandra.R.Saslaw@usdoj.gov>; 'Mark Nobile' <mark@brandwoodwardlaw.com>; stanleymbrand@gmail.com
**Subject:** [EXTERNAL] RE: Navarro second production

Lee – I'm happy to work with you all, but not on such a compressed timeframe.  Providing any additional information is going to require the explicit consent of our client and I'm just not sure we'll come to an agreement by the close of business today.  Would you all be amenable to seeking a brief extension from the Court of the time within which you're to file a motion to enforce?

Thanks,

Stanley

---

**From:** Reeves, Lee (CIV) <Lee.Reeves2@usdoj.gov>
**Sent:** Tuesday, May 30, 2023 1:05 PM
**To:** stanley@brandwoodwardlaw.com
**Cc:** Gary Stern <garym.stern@nara.gov>; 'Hannah Bergman' <hannah.bergman@nara.gov>; Saslaw, Alexandra R. (CIV) <Alexandra.R.Saslaw@usdoj.gov>; Mark Nobile <mark@brandwoodwardlaw.com>; stanleymbrand@gmail.com
**Subject:** Navarro second production

Stanley,

This email follows on your second production of May 25, which contained 211 files. You stated in your certificate of compliance that "Dr. Navarro reasonably believes" that these 211 records "constitute the remainder of such Presidential

Records within his possession, custody, or control." Second Status Report 1, ECF No. 29. However, without more information, we are not able to ascertain whether this production is complete, and the limited information provided continues to raise questions about the adequacy of your search. We would like to resolve these issues without further involving the Court, and thus we request that you provide us additional information about the searches that you conducted in response to the Court's order.

In your May 8 email, you stated that you had located approximately 800 records exchanged between Dr. Navarro's ProtonMail account and a .gov or .mil email account. The number of files produced on May 25 falls far short of that number. We understand that some of the records located by the search may not constitute PRA materials, but this is a dramatic decrease from the number of records you initially identified. Moreover, the Court ordered you to conduct additional searches, which presumably netted more results, thus widening the gap between the volume of potentially responsive records that you located and the records produced. Can you please explain the discrepancy?

In your certificate of compliance, you suggest that Dr. Navarro would run additional searches proposed by the Government. Setting aside that it is your client, not the Government, that has the knowledge necessary to identify the PRA material in his possession, without a clear understanding of what search methodology you used, it is not possible for us to assess the completeness of your response. Your certificate of compliance states that you searched Dr. Navarro's ProtonMail account for "subject matters that relate to his official duties that have appeared in Presidential Records produced to date," but without knowing what you searched for, we have no way of assessing whether that search was complete. To that end, we ask that you provide us with a list of the search terms used to search Dr. Navarro's email accounts. Otherwise, we cannot know whether there are additional searches that should be run. For example, without this information, we have no way of ascertaining whether your search(es) would have identified any email that your client exchanged with an individual without a .gov or .mil address**.**

We also have questions regarding whether you searched the "bcc" field when searching Dr. Navarro's email. For example, we noted there are emails you produced where Dr. Navarro is neither a sender nor a recipient. A logical conclusion may be that Dr. Navarro was blind copied on the email, but without understanding if you chose not to include the bcc field in the production but still searched on it, we cannot make that assessment. Another conclusion could be that Dr. Navarro controls one of the email addresses in the sender/recipient field.

We would like to resolve this issue amicably and without further court involvement, but we need additional information from you to do so. To that end, and given that our motion to enforce is due tomorrow, we would ask that you provide us the requested information regarding the searches you conducted by the end of the day today (5/30). We further ask you to confirm that you searched all of Dr. Navarro's personal email accounts that could contain PRA materials, including (but not limited to) the following accounts:

███████████████, and ███████████████.

Finally, we note that your cover letter and images produced continued to assert rights over the records. As we previously stated, pursuant to the Court's order, these emails are the property of the United States and will be handled in accordance with the Presidential Records Act. We will disregard all requests to the contrary.

Thanks,

Lee

_____

**Lee Reeves**| Trial Attorney
U.S. Department of Justice, Civil Division, Federal Programs Branch
1100 L St. NW | Washington, DC 20005
Tel: (202) 616-0773