**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

UNITED STATES OF AMERICA,
     Plaintiff,

    v.

PETER K. NAVARRO,
     Defendant.

</td><td>

Civil Action No. 22-2292 (CKK)

</td></tr>
</table>

**ORDER**
(August 31, 2023)

This matter is again before the Court on the parties' inability to reach agreement as to the production of Presidential records in Defendant's control. Plaintiff has moved to enforce the Court's judgment, claiming that Defendant is still noncompliant. Motion to Enforce, ECF No. 30 (May 31, 2023). The parties appear to agree that Defendant has complied with the Court's last order directing him to search all personal email accounts on which Defendant transacted public business (evidently multiple) using:  (1) the names of officials with email addresses ending in .gov or .mil that have already been produced as Presidential records to date and (2) subject matters that relate to his official duties that have appeared in the Presidential records produced to date. Plaintiff nevertheless argues that Defendant still withholds some records, mainly because he has only produced 211 items out of approximately 800 he previously indicated may be Presidential records. ECF No. 30 at 3. Plaintiff cannot know for sure, of course, because it necessarily does not have access to Defendant's personal email accounts.

As a result, Plaintiff proposes that the Court order Defendant "to provide a declaration detailing the searches conducted to date in connection with the Court's March 9, [2023] order and all subsequent orders[,]" including all search terms used and the metadata fields searched. ECF No. 30 at 4. Defendant somehow thinks this information subject to the attorney-client privilege. ECF No. 31 at 4. Yet the request does not ask for advice defense counsel may or may not have provided to Defendant, but the actions Defendant took to comply with the Court's orders in this matter. *See In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982) ("information other than 'communications' . . . [is] unprotected" by the attorney-client privilege. As an alternative, Defendant proposes that he "conduct a review of a random sample of [his] personal email[.]" ECF No. 31 at 5.

Partially out of deference to defense counsel's burgeoning trial calendar, the Court deferred ruling until after it had further opportunity to review the record. After further consideration, and in an effort to finally bring this litigation to a close, the Court will opt for both courses of action. On or before **October 15, 2023**, Defendant shall file under seal a notice listing all search terms used, the metadata fields searched, and the email accounts searched. Also on or before **October 15, 2023**, Defendant shall deliver to Chambers a random sample of fifty emails

1

across each account searched that were not identified as responsive in his last review.  The Court will maintain these records under seal.

In sum, to the extent that Plaintiff requests in its [30] Motion to Enforce a declaration by Defendant further explaining his compliance with the Court's judgment in this case, that [30] Motion to Enforce is **GRANTED**.  To the extent that Plaintiff requests an order directing Defendant to show cause why he should not be held in contempt of the Court's judgment, the [30] Motion to Enforce is **HELD IN ABEYANCE**, pending the Court's review of upcoming submissions.

**SO ORDERED**.

Date:  August 31, 2023

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge