IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 22-cv-02292-CKK |
| Plaintiff, | ) The Honorable Coleen Kollar-Kotelly |
| v. | ) |
| PETER K. NAVARRO, | ) |
| Defendant. | ) |

## MOTION TO UNSEAL

Defendant Peter K. Navarro, by and through the undersigned counsel, and pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, hereby respectfully requests this Court, disclose to defense counsel docket entry 34 and to unseal docket entries 34, 35, and the instant motion.  Defense counsel has consulted with counsel for the government whom take no position with respect to the relief requested by the instant motion.  Specifically, Dr. Navarro wishes to provide a copy of the government's submission (docket entry 35) to the Honorable Amit P. Mehta, whom is scheduled to preside over Dr. Navarro's sentencing on January 25, 2024, following his conviction for contempt of congress.  The government's submission is relevant insofar as Dr. Navarro submits it contradicts the position taken by the government at trial.

District Courts have inherent power to seal submitted materials.  *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  However, the D.C. Circuit has recognized that the right of public access to judicial proceedings and records, "is fundamental to a democratic state."  *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting

*United States v. Hubbard*, 650 F.2d 293, 315 n.79 (D.C. Cir. 1980)).  *See also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.  []  The document will be treated as sealed, pending the outcome of the ruling on the motion.  Failure to file a motion to seal will result in the document being placed on the public record.").  There is a "strong presumption" in favor of public access.  *Hubbard*, 650 F.2d at 317.  *See also Press-Enter. Co. v. Superior Court of California*, 464 U.S. 601, 610 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

On December 20, 2023, the Court issued a sealed order apparently *ex parte* insofar as it was only provided to counsel for the United States.  *See* Sealed Order (Dec. 20, 2023) (ECF No. 034).  On December 29, 2023, the United States filed a sealed responsive to the Court's sealed *ex parte* December 20, 2023, Order and provided defense counsel with a copy of the same.  (Dec. 29, 2023) (ECF No. 035).

Upon review of the docket entry 35 and its references to docket entry 34, Dr. Navarro submits that there is no basis for these documents to be sealed.  It is unclear what information within the filings would warrant sealing, as it is not information that would undermine "higher values" or which would prejudice the United States if it were publicized.  *See Press-Enter. Co.*, 464 U.S. at 510.  *See also EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317-22).  Indeed, "[t]he burden is on the party seeking to restrict disclosure to come forward with specific reasons why the record, or any part thereof, should remain under seal," *FTC v. Match Grp., Inc.*, 2023 U.S. Dist. LEXIS 75470, at *24 (D.D.C. May 1, 2023) (internal quotation marks removed) (quoting *Johnson v. Greater Se. Cmty.*

*Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991)), but here the United States does not oppose the unsealing of the materials.

Similarly, Dr. Navarro is unaware of any basis for these filings to have been made *ex parte*. "In our adversary system, *ex parte* motions are disfavored. . ." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018). "*Ex parte* communications. . . conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (internal citation and quotation marks omitted). Generally, "*ex parte* proceedings should be employed to resolve discovery disputes only in extraordinary circumstances." G*ilmore v. Palestinian Interim Self-Government Authority*, 843 F.3d 958, 967-68 (D.C. Cir. 2016) (*ex parte* review appropriate where plaintiffs, "sought [allegedly privileged] intelligence materials generated in the midst of a geopolitical conflict[.]"). Ultimately, while this matter involves the scope of the United States's interests and property rights under the Presidential Records Act, such rights are clearly not of the extraordinary caliber to warrant *ex parte* review. This is especially apparent given that the rights of the United States at issue in this matter are explicitly intended to make available for public review any Presidential Records that the United States receives. *See* 44 U.S.C. § 2203(g)(1) ("The Archivist shall have an affirmative duty to make such [Presidential] records available to the public as rapidly and completely as possible consistent with the provisions of this chapter.").

## CONCLUSION

For the reasons contained herein, Dr. Navarro respectfully requests that this Court unseal docket entries 34 and 35.

[SIGNATURE ON NEXT PAGE]

Dated: January 19, 2023          Respectfully submitted,

                                         */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Stan M. Brand (D.C. Bar No. 213082)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC 20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*

## CERTIFICATE OF SERVICE

On Friday, January 19, 2024, the undersign hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

*/s/ Stanley E. Woodward*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)