UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>–v.–<br><br>PETER K. NAVARRO,<br><br>*Defendant*. | Case No. 1:22-cv-2292 |

## REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER

### INTRODUCTION

Defendant Peter K. Navarro was employed by the White House Office in the Executive Office of the President from January 20, 2017, through January 20, 2021. During that time, Navarro used at least one personal email account to send and receive messages constituting Presidential records, as contemplated by the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201-09. When the United States learned that Navarro was in possession of Presidential records, the National Archives and Records Administration ("NARA"), and later the Department of Justice ("DOJ"), attempted to secure the return of said records. *See* Mem. Op. (Mar. 9, 2023) 4-5, ECF No. 16. When those efforts came to a standstill, the United States initiated this litigation. *See generally* Compl., ECF No. 1. Throughout this litigation, the United States has had one overarching goal: to recover its rightful property, namely the Presidential records in Navarro's possession.

On March 9, 2023, the Court issued a decision holding that there was no dispute that Navarro retained Presidential records and that the District of Columbia replevin statute provided a cause of action for the return of those records to their rightful owner: the United States. Mem Op. 1. In connection with that decision, the Court also ordered Navarro to produce approximately 200 to 250 Presidential records and to meet and confer with the United States regarding the identification and production of additional Presidential records. Order & Judgment, ECF No. 15. When it became clear

that Navarro had not honored, and did not intend to comply with, the parties' agreement, the United States filed a motion to enforce the Court's judgment. *See* Mot. to Enforce, ECF No. 30.

On August 31, 2023, the Court entered an order granting the Motion to Enforce in part and holding the remainder of the motion in abeyance. *See* Order, ECF No. 32. In that order, the Court required Defendant to "file under seal a notice listing all search terms used, the metadata fields searched, and the email accounts searched" and to "deliver to Chambers a random sample of fifty emails across each account searched that were not identified as responsive in his last review." *Id.* Defendant complied with that order on October 16, 2023. *See* Sealed Notice, ECF No. 33.

On February 20, 2024, after reviewing the random sample of fifty emails, the Court issued an order finding that "at least twelve (12) of those emails (i.e., 24% are Presidential records" and that another sixteen emails might be Presidential records. *See* Mem Op. & Order (Feb. 20, 2024) 4, ECF No. 38. The Court then ordered Defendant (1) to "reprocess the remaining records in his possession . . . to determine whether additional records are identified as responsive and can be produced," (2) to produce twelve records from the sample to the United States, and (3) to show cause "why he should not be held in contempt of the Court's judgment." *Id.* at 6.

On March 20, 2024, Navarro made two productions of records to the United States. On March 21, 2024, Navarro filed a response to the show cause order. *See* Resp. to Show Cause Order, ECF No. 40 ("Resp."). The following day, the Court directed the United States to file a reply on or before March 29, 2024.

**DISCUSSION**

By his own count, Navarro contends that he has produced approximately 900 emails to the United States, including approximately 472 documents that were produced on March 20, 2024. *See* Resp. 6. Dr. Navarro appears to maintain that some of the produced records are personal, rather than Presidential, records. *See id.* at 4-7. As this Court has recognized, determining whether a record is Presidential or personal is not always an easy task, and involves exercising judgment. NARA is the agency charged with administering the Presidential Records Act and has expertise in identifying and categorizing presidential records. NARA has not yet been able to review the entirety of Mr. Navarro's

submission.[1] Based on its review to date, however, NARA believes that certain records are clearly Presidential records. Records pertaining to the COVID-19 pandemic, and its origin in China, for example, plainly fall within Mr. Navarro's former duties as National Defense Production Act Policy Coordinator. *See generally* Complaint, ¶ 17. And while Navarro has stated that he has produced to the United States approximately 900 of the 1,838 emails sent or received on his personal email account, it is not entirely clear whether and to what extent he has reviewed the remaining 900 emails.

As explained above, the United States' sole interest in this litigation is the recovery of Presidential records in Navarro's possession. The Court has previously indicated that it "shall refer this matter to a magistrate judge for supervision, with the aim of bringing this litigation to its final resolution." Mem. Op. & Order 6. NARA stands ready to assist the Magistrate Judge as needed, should one be assigned. Once any final Presidential records have been produced, NARA would request that the Court order Navarro to provide a sworn declaration describing his search for and production of Presidential records, to confirm that all reasonable efforts have been made to recover and provide such records.[2]

Dated: March 29, 2024     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

---

[1] Navarro's response to the show cause order discussed at length twelve emails that the Court concluded were Presidential records. *See* Resp. 4-6. Each of these records is identified in Navarro's filing by a "Doc Number" that appears to correspond to the fifty-document sample that was provided to the Court in October 2023. *Id.* The records produced on March 20, 2024, appear to use a different numbering scheme, and therefore NARA is currently unable to determine which records are the ones discussed in Navarro's motion.

[2] NARA would propose that the parties work together to determine the content of this declaration, in an effort to avoid further burdening the Court.

Federal Programs Branch

*/s/ C. Lee Reeves*
C. LEE REEVES
ALEXANDRA R. SASLAW
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 616-0773
Email: lee.reeves2@usdoj.gov

*Counsel for Plaintiff*

4

**CERTIFICATE OF SERVICE**

On March 29, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ C. Lee Reeves*
C. LEE REEVES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 616-0773
Email: lee.reeves2@usdoj.gov
*Counsel for Plaintiff*