UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>PETER K. NAVARRO,<br>　　　　Defendant. | Civil Action No. 22-2292 (CKK) |

**ORDER**
(April 9, 2024)

The Court continues its endeavor to effectuate its judgment. *See generally* Order, ECF No. 15; Minute Order (Apr. 12, 2023); Order, ECF No. 28; Mem. Op. & Order, ECF No. 38. In brief terms, the Court seeks to ensure that all Presidential records in Defendant's possession are returned to their rightful owner, the United States. To accomplish this objective, the Court shall refer this matter to Magistrate Judge G. Michael Harvey to conduct an *in camera* review of the documents in Defendant's possession, custody, or control that may be Presidential records as that term is defined by the Presidential Records Act,[1] 44 U.S.C. §§ 2201 et seq., and to issue a Report & Recommendation recommending a disposition as to those records.

Defendant's possession of Presidential records is understandable, given his position in the White House during the relevant time frame. Specifically, Defendant was employed by the White House in the Executive Office of the President from January 20, 2017 until January 20, 2021. He was Deputy Assistant to the President and Director of the National Trade Council from his hiring

---

[1] The Court notes that a particular label assigned to a document does not necessarily preclude the document from being a Presidential record. *See* 44 U.S.C. § 2201(3)(A) (indicating that diary entries can be a Presidential record in certain circumstances). The contents of the record, the purpose for which it was created, and what a covered employee did with the record affects the classification of the record. *See Jud. Watch, Inc. v. Nat'l Archives & Records Admin.*, 845 F. Supp. 2d 288, 301 n.9 (D.D.C. 2012) (ABJ).

1

until April 29, 2017, when he was appointed Assistant to the President and Director of the Office of Trade and Manufacturing Policy. In addition to those responsibilities, in March 2020, President Donald Trump appointed Defendant to coordinate the government's use of the Defense Production Act, 50 U.S.C. §§ 4501 et seq., to respond to the COVID-19 pandemic.

In his most recent filing, Defendant indicated that some records have not been produced to the Government, which he maintains are "purely personal." ECF No. 40 at 6. Magistrate Judge Harvey, as a judicial officer, shall perform an *in camera* review of these remaining records and assist in the production of Presidential records (should any remain) to the Government. To aid Magistrate Judge Harvey in this endeavor, the Court directs Defendant to perform the following tasks.

First, Defendant shall provide the Chambers of Magistrate Judge Harvey all documents that prior searches have identified as potential Presidential records as described in prior status reports, *see* ECF No. 29; ECF No. 33 (sealed), as well as any other searches run by Defendant to identify potentially responsive records, *see, e.g.*, ECF No. 40 (indicating additional records have been produced). Defendant shall also produce all documents previously reviewed by the Court, as ordered by its August 2023 Order, ECF No. 32, to provide Magistrate Judge Harvey with guidance. These documents shall be provided Magistrate Judge Harvey's Chambers on or before **May 31, 2024**, and shall be maintained under seal.

Second, Defendant shall clearly label the aforementioned documents (providing the label on the document itself) by the following categories: (1) a document reviewed by the Court and found to be a Presidential record; (2) a document reviewed by the Court and found not to be a Presidential record; (3) a document reviewed by the Court and found to be inconclusive (without additional information) as it whether or not it was a Presidential record; (4) a document that has

been produced to the Government; and (5) a document that has not been produced to the Government. The document's label shall reflect all categories to which it belongs. The documents shall also be marked with the applicable "DCD_Review" number, the number from the numbering scheme used on the documents produced to the Government, or both (if applicable). *See* ECF No. 41 at 3 n.1 (indicating that a different numbering scheme was used for the documents produced to the Government).

Third and finally, Defendant shall prepare an affidavit or sworn declaration, which can be filed under seal, providing a detailed account of his search methodology, including but not limited to all search terms used, the metadata fields searched, and the email accounts searched. Although Defendant provided a notice regarding his compliance with the Court's judgment on October 16, 2023, ECF No. 33 (sealed), Defendant has performed an additional search since then, and produced additional documents to the Government, ECF No. 40 at 6. Defendant shall prepare and file this affidavit or sworn declaration on or before **May 31, 2024**. The Government shall file a response, on or before **June 7, 2024**, indicating whether there are additional methods Defendant can employ to capture any and all Presidential records in his possession.

As a final note, the Court acknowledges that the NARA is willing to assist Magistrate Judge Harvey in this case. *See* ECF No. 41. The Court shall take this offer into consideration, but intends for Magistrate Judge Harvey to begin with an *in camera* review of the records provided by Defendant. A separate Order referring this case to Magistrate Judge Harvey shall be filed forthwith.

**SO ORDERED**.

Date: April 9, 2024

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge