# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5062                          September Term, 2023

FILED ON: APRIL 1, 2024

UNITED STATES OF AMERICA,
        APPELLEE

v.

PETER K. NAVARRO,
        APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-02292)

Before: PILLARD, CHILDS, and GARCIA, *Circuit Judges*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the district court's order be **AFFIRMED.**

\* \* \*

This appeal concerns a single, narrow issue: Whether the United States government may use an established common-law remedy to compel the return of materials that all agree are Presidential records under the Presidential Records Act of 1978 ("PRA"), 44 U.S.C. §§ 2201–2209. Applying long-settled legal principles, the district court ruled that the United States can do so. We affirm.

## I.

The PRA states that the "United States shall reserve and retain complete ownership, possession, and control of Presidential records." *Id*. § 2202. Presidential records include documentary materials created or received by the President and those created or transmitted by covered employees in the course of their official duties. *Id*. § 2201(2). Under the PRA provisions relevant to this case, covered employees "may not create or send" a Presidential record "using a non-official electronic message account" unless the covered employee either "copies an official electronic messaging account" in the "original creation or transmission" of the record or "forwards a complete copy" of the record to the employee's official messaging account "not later than 20 days after the original creation or transmission." *Id*. § 2209(a). After a President leaves office, the Archivist of the United States "shall assume responsibility for the custody, control, and preservation of, and access to, the Presidential records of that President" and "shall have an affirmative duty to make such records available to the public as rapidly and completely as possible consistent with" the PRA. *Id*. § 2203(g)(1). The PRA does not explicitly address whether and how the United States may seek return of Presidential records.

Peter Navarro served in the Executive Office of the President in various roles from January 20, 2017, to January 20, 2021. During that time, he was a covered employee under the PRA. Navarro used at least one non-official email account to send and receive messages constituting Presidential records. Contrary to Section 2209(a), he did not copy those messages to his official account. He also retained some messages on his non-official account.

In December 2021, the National Archives and Records Administration ("NARA") requested that Navarro provide it with Presidential records that he retained on his personal email account. Navarro did not respond. The Department of Justice then requested the records from Navarro. At that point, Navarro, through counsel, engaged with the Department and NARA about which search terms he should use to determine which documents were Presidential records. On July 22, 2022, Navarro's counsel represented that NARA's search parameters had generated 1,700 documents, about 200 to 250 of which counsel identified as Presidential records. Navarro, through counsel, refused to produce the records without a guarantee that the records would not be used in Navarro's unrelated criminal prosecution for contempt of Congress.

The United States filed a complaint against Navarro seeking return of Presidential records under the District of Columbia's replevin statute, D.C. Code § 16-3701, which allows a plaintiff to "recover personal property to which the plaintiff is entitled, that is alleged to have been wrongfully taken by or to be in the possession of and wrongfully detained by the defendant." The United States moved for summary judgment and Navarro moved to dismiss the complaint for failure to state a claim. Navarro argued that the United States could not use D.C.'s replevin statute because the PRA itself did not provide the government a cause of action. On March 9, 2023, the district court granted the United States's motion for summary judgment and denied Navarro's motion to dismiss. Navarro appealed. He then filed an emergency motion for stay pending appeal, which was denied by a panel of this court. *See* Order Denying Emergency Motion for Stay (Apr. 12, 2023). The district court proceeded to oversee the production of the relevant documents, which remains ongoing and disputed.

## II.

We review the district court's grant of summary judgment and denial of the motion to dismiss *de novo*. *Montgomery v. Risen*, 875 F.3d 709, 713 (D.C. Cir. 2017); *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017).

Navarro does not contest that he possessed Presidential records, that the Government owns those records under the PRA, or that the United States satisfied the elements of D.C.'s replevin statute. Instead, on appeal Navarro raises only—in his own words—the "narrow question" of whether the PRA "provides the United States with any vehicle by which to compel the production of Presidential records." Pet'r Br. 14. The sole issue in this appeal is therefore whether the United States may bring a replevin action to recover its property.[1]

More specifically, Navarro argues that the United States cannot use D.C.'s replevin statute because the PRA itself has no express cause of action for the United States to seek the return of Presidential records. Rather, in Navarro's view, the United States's only enforcement mechanism is to discipline current employees possessing Presidential records under Section 2209, a mechanism the United States cannot use against Navarro because he is no longer an employee.

These arguments are without merit under clear, longstanding precedent. "As an owner of property," the United States has "the same right to have it protected by the local laws that other persons have" and "may bring suits to . . . protect [its] property." *Cotton v. United States*, 52 U.S. (11 How.) 229, 231 (1850); *see also Rex Trailer Co. v. United States*, 350 U.S. 148, 151 (1956) ("The Government has the right to make contracts and hold and dispose of property, and, for the protection of its property rights, it may resort to the same remedies as a private person."). Courts have accordingly recognized replevin as a proper vehicle for the United States to recover its property. *See, e.g.*, *United States v. Lindberg Corp.*, 882 F.2d 1158, 1164 (7th Cir. 1989); *United States v. Digit. Prods. Corp.*, 624 F.2d 690, 695 (5th Cir. 1980); *United States v. McElvenny*, No. 2 Civ. 3027, 2003 WL 1741422, at *1 (S.D.N.Y. Apr. 1, 2003).

For that reason, for Navarro to prevail, he would need to show that the PRA affirmatively abrogates the United States's general authority to pursue common law remedies. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) (explaining that statutes are presumed to incorporate longstanding, background legal principles unless a "statutory purpose to the contrary is evident" (quoting *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952))); *United States v. Texas*, 507 U.S. 529, 534 (1993) (same); *United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 667 (4th Cir. 1996) ("[F]ederal statutes do not, by implication, abrogate the government's right to bring common law suits.").

Navarro cannot do so. Navarro points to Section 2209(b) of the PRA, which authorizes the United States to discipline or terminate employees for "intentional violation[s]" of Section 2209(a)'s requirement to either copy or forward Presidential records to an official electronic

---

[1] In his reply brief, Navarro belatedly raised arguments that the government failed to meet certain elements of D.C.'s replevin statute. Pet'r Reply Br. 6–8. Because these arguments were not raised in Navarro's opening brief, they are forfeited. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019).

messaging account. 44 U.S.C. § 2209(b). He asks us to conclude that by prescribing this one specific remedy for intentional violations of the statute, Congress implicitly intended to foreclose any other remedies. We reject that request. That Congress provided the United States authority to discipline current employees for violating the PRA does not remotely suggest that Congress intended to foreclose the government from using other longstanding methods of protecting its property. *Cf. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d at 667. Moreover, if Navarro were correct, the statute would leave the United States with no ability to retrieve Presidential records from employees if they refuse to return Presidential records after being disciplined or exiting federal employment. That result would be in serious tension with Section 2202's command that the United States "retain complete ownership, possession, and control" over Presidential records, 44 U.S.C. § 2202, and NARA's duty to "assume responsibility for the custody, control, and preservation of, and access to, the Presidential records" after a presidential term of office, *id*. § 2203(g)(1). The PRA's text and purpose are thus entirely consistent with the United States's use of replevin.

Navarro also invokes the major questions doctrine to argue that we should not assume Congress intended for the United States to use replevin statutes as an enforcement mechanism for a statute like the PRA that does not speak clearly to that issue. The major questions doctrine requires an agency to point to "clear congressional authorization" when it asserts an "enormous and transformative expansion" of its "regulatory authority" by making a decision of "vast 'economic and political significance.'" *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 324 (2014) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 160 (2000)). This case, however, does not involve an agency's authority to regulate, much less a "transformative" claim of government power. *Id.*

\*   \*   \*

For the foregoing reasons, the district court's grant of the United States's motion for summary judgment and denial of Navarro's motion to dismiss is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

           **FOR THE COURT:**
           Mark J. Langer, Clerk

BY:   /s/
       Daniel J. Reidy
       Deputy Clerk