# EXHIBIT A

No. _-

# In the Supreme Court of the United States

PETER K. NAVARRO, Applicant
V.
UNITED STATES OF AMERICA

**PETER K. NAVARRO'S APPLICATION TO EXTEND DEADLINE TO FILE WRIT OF CERTIORARI IN MATTER 1:22-cv-02292-CKK (D.D.C.)/23-5062 (D.C. Cir.)**

STANLEY M. BRAND
STANLEY E. WOODWARD, JR. BRAND WOODWARD LAW, LP
400 5TH STREET NORTHWEST SUITE 350
WASHINGTON, D.C. 20001

Counsel for Applicant-Defendant Peter K. Navarro

## PARTIES TO THE PROCEEDING AND RELATED PROCEEDINGS

Defendant-Applicant is Peter K. Navarro. Plaintiff-Respondent is the United States of America. The proceedings below were *United States v. Peter K. Navarro*, 1:22-cv-02292 (D.D.C.) and 23-5062 (D.C. Cir.).

## INTRODUCTION

To the Honorable John Roberts, Chief Justice of the Supreme Court of the United States, and Circuit Justice for the District of Columbia Circuit: in accordance with Rules 13.5, 22, 30.2, 30.3, and 33.2 of the Supreme Court, Defendant-Applicant Peter K. Navarro respectfully requests that the time to file his petition for a writ of certiorari in this civil matter be extended for sixty (60) days, up to and including October 21, 2024.[1]  The Court of Appeals issued its judgment on April 1, 2024 (attached hereto as Exhibit A), and denied convening a panel rehearing (attached hereto as Exhibit B) or rehearing *en banc* on May 23, 2024. (attached hereto as Exhibit C).  Absent an extension of time, the petition for certiorari in this matter would be due on Wednesday, August 21, 2024.  Supreme Court Rule 13.3.

---

[1] Sixty (60) days from the current due date is calculated as Sunday, October 20, 2024.  However, the rules for computation of time in the Supreme Court state that, "[t]he last day of the period [of time prescribed allowed by these Rules] shall be included, unless it is a. . . Sunday. . . in which event, the period shall extend until the end of the next day that is not a. . . Sunday[.]"  Supreme Court Rule 30.1.  Should the Court interpret Rule 13.5 to not allow the extension beyond sixty (60) days regardless of Rule 30.1, Dr. Navarro respectfully requests that the deadline be extended to Friday, October 18, 2024.

2

## JURISDICTION

For good cause shown in an application, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding sixty (60) days. Supreme Court Rule 13.5. This Court has jurisdiction over this application and the eventual writ of certiorari pursuant to 28 U.S.C. § 1253, as the applicant intends to seek a review of a decision made by a three-judge panel of the D.C. Circuit Court of Appeals.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

This case involves the scope, interpretation, and enforcement of the Presidential Records Act, 44 U.S.C. §§ 2201-2209. This case also involves how 44 U.S.C. §§ 2201-2209 interacts with the rights within the Fourth Amendment to the Constitution of the United States of America.

## BACKGROUND

Applicant-Defendant Peter K. Navarro was a long-serving member of the Presidential Administration of Donald J. Trump and a covered employee under the Presidential Records Act.

On or about December 16, 2021, a representative for the National Archives and Records Administration ("NARA") contacted Dr. Navarro, demanding the return of presidential records that the government believed Dr. Navarro retained once his tenure in the White House had ended. The representative of NARA stated that

Dr. Navarro had used a personal electronic mail account to conduct White House business without copying an official White House electronic mail account. Numerous disputes arose after this point. On or about June 1, 2022, a representative of the Department of Justice informed Dr. Navarro that the Department of Justice had been authorized to file a civil lawsuit on behalf of NARA should Dr. Navarro not cooperate in the broad and exact manner that the government demanded. On June 16, 2022, Dr. Navarro's counsel informed the government that Dr. Navarro would comply with the government's demands, and that Dr. Navarro had retained a document review and analysis firm to help identify potential presidential records. Dr. Navarro's counsel provided repeated updates, and on July 22, 2022, ultimately disclosed that the retained firm had identified roughly two hundred and fifty (250) emails that were presidential records. On July 29, 2022, Dr. Navarro's counsel requested immunity before producing any presidential records, because of the then-pending criminal prosecution against Dr. Navarro (which involved the government needing to prove that Dr. Navarro had failed to produce to Congress documents from his tenure in the White House) and because the demands made by NARA likely would hamper his Fifth Amendment right against self-incrimination in his then-pending criminal prosecution.

      On August 3, 2022, the government filed a civil lawsuit against Dr. Navarro, seeking compelled production of presidential records in Dr. Navarro's personal

electronic mail account under the District of Columbia's replevin statute. The government moved for summary judgment before Dr. Navarro's counsel could file an answer to the complaint. *See United States of America v. Peter K. Navarro*, 1:22-cv-02292-CKK (D.D.C.), Minute Order (Sep. 27, 2022). Dr. Navarro opposed summary judgment on the basis that neither the Presidential Records Act nor the District of Columbia's replevin statutes function in the manner that the government asserted and, even if they did, the Fifth Amendment's right against self-incrimination included an act of production privilege that protected Dr. Navarro from compelled production of presidential records while a criminal trial seeking to prove that Dr. Navarro had failed to produce documents was pending. *See* Memorandum in Opposition Motion for Summary Judgment (Oct. 21, 2022), *United States of America v. Peter K. Navarro*, 1:22-cv-02292-CKK (D.D.C.) (ECF No. 011).

On March 9, 2023, the District Court granted summary judgment and ordered compliance forthwith. An appeal in the Court of Appeals for the District of Columbia Circuit was timely filed, all pre-appeal stays of the judgment were denied, and Dr. Navarro provided those records he deemed Presidential records to the government. Ultimately, on April 1, 2024, the Circuit Court denied Dr. Navarro's appeal, and on May 23, 2024, the Circuit Court denied Dr. Navarro's petition for rehearing and for hearing *en banc*.

On May 31, 2023, the government filed a motion to enforce the judgment against Dr. Navarro, broadly claiming that he had not complied with the Court's Order to produce all Presidential records. After briefing had been completed in his appeal, on August 31, 2023, the District Court ordered Dr. Navarro, at the government's urging, to submit a random sample of emails that Dr. Navarro had reviewed and determined were not presidential records. Upon completion of the review of the random sample, the District Court ruled that Dr. Navarro had not produced all presidential records. And on April 9, 2024, after the Circuit Court had ruled on the merits of Dr. Navarro's appeal, the District Court ordered that Dr. Navarro submit his entire personal electronic mail account for review by a magistrate judge. On June 1, 2024, Dr. Navarro gave his entire personal electronic mail account to a magistrate judge for review due to the District Court's post-judgment order. The magisterial review is currently ongoing.

## REASONS FOR GRANTING THE APPLICATION

While acknowledging that both the Supreme Court's rules and case law interpreting those rules state that applications to extend a party's deadline to file a writ of certiorari are disfavored, the unique procedural posture of this manner should serve as good cause for this Court to grant the application.[2] Due to the District

---

[2] *See* Supreme Court Rules 13.5 ("An application to extend the time to file a petition for a writ of certiorari is not favored."). *See also Penry v. Texas*, 515 U.S. 1304, 1305 (1995).

6

Court's April 9, 2024 order setting this matter for magistrate review and the Appellate Court's May 23, 2024 denial of panel rehearing or rehearing *en banc* on the new issue of whether magisterial review would implicate Dr. Navarro's Fourth Amendment rights, this matter has had all other appellate channels exhausted while remaining live within the District Court for the District of Columbia.

Certainly, Dr. Navarro does not contend that a District Court lacks the jurisdiction to enforce its own orders. *See e.g. Micula v. Gov't of Romania*, 2023 U.S. App. LEXIS 4027, at *6 (D.C. Cir. Feb. 21, 2023) (citations omitted). However, the District Court expanded the scope of its judgment once briefing at the appellate level concluded, creating new issues for appeal that Dr. Navarro could not raise before the Circuit Court.[3] Further, "a district court cannot 'alter' [an order] while an appeal is pending." *Micula v. Gov't of Romania*, 2023 U.S. App. 4027, at *7 (D.C. Cir. Feb. 21, 2023) (citing *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1128 (D.C. Cir. 1978)) (also citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The District Court's enforcement order expanded its summary judgment

---

[3] It must be noted that counsel for Dr. Navarro explicitly sought to include the magisterial issue in the Circuit Court appeal. Briefing in the Circuit Court matter was completed on January 30, 2024. On March 5, 2024, the District Court ordered, *inter alia*, that the District Court was likely to order that Dr. Navarro's personal electronic mail account would be subject to a broad review by a magistrate judge. Prior to the Circuit Court's eventual April 1, 2024 order, counsel for Dr. Navarro had signified to appellate counsel for the United States that Dr. Navarro would file a motion to either hold the pending appeal in abeyance until matters in the District Court had concluded or to allow for supplemental briefing on the issue of magisterial review. Though the United States would not be prejudiced by such a request (as the relief requested in the underlying action had already been granted, any stay of the enforcement had been denied, Dr. Navarro was explicitly complying with the terms of the judgment, and the District Court was strictly overseeing the enforcement of its judgment), appellate counsel for the government signified that the United States would oppose any request for the D.C. Circuit to consider the magisterial issue. The Circuit Court issued its ruling while counsel researched and drafted the contents of the motion.

7

order in a way that abridged Dr. Navarro's Fourth Amendment rights against unreasonable searches. *See* Memorandum Opinion and Order, at 5-6 (Feb. 20, 2024) (ECF No. 038) U*nited States v. Peter K. Navarro*, 1:22-cv-02292-CKK (D.D.C.) ("Given Plaintiff's difficulty in obtaining its Presidential records, additional supervision of Defendant's compliance with this Court's judgment is warranted. To accomplish this goal, the Court shall refer this matter to a magistrate judge[.]"). *See also* Order, at 1 (Apr. 9, 2024) (ECF No. 043) *United States v. Peter K. Navarro*, 1:22-cv-02292-CKK (D.D.C.) (". . . Defendant shall. . . lodge with the Chambers of Magistrate Judge Harvey *all documents* that prior searches have identified as potential Presidential records[.]") (emphasis added).[4]  Indeed, prior to the order setting a magisterial review, the District Court explicitly stated that the case did not involve Fourth Amendment concerns because the court's judgment would not result in the government having any access to Dr. Navarro's purely personal electronic mail. *See* Order, at 2 (May 19, 2023) (ECF No. 028) *United States v. Peter K. Navarro*, 1:22-cv-02292-CKK (D.D.C) ("Before concluding, the Court briefly notes that, contrary to Defendant's declamations, Plaintiff has not, in fact, requested that Defendant produce *personal* records in Defendant's possession, and Defendant has

---

[4] As identified for the magistrate judge, every single item within Dr. Navarro's personal electronic mail account during the time when Dr. Navarro held a White House position was provided to the magistrate judge for review, as Dr. Navarro re-reviewed the entirety of his electronic mail account using the analysis of the Presidential Records Act contained in the February 20, 2024, Order in order to ensure his compliance. *United States v. Peter K. Navarro*, 1:22-cv-02292-CKK (D.D.C.), Declaration (May 31, 2024) (ECF No. 048) (sealed).

8

no Fourth Amendment interest in property belonging to the United States.") (emphasis in original). Frankly, it is questionable if the exercise of jurisdiction by the district court was proper given that it seems to have significantly expanded the scope of its original order. Further, the Court's prior assertion that Fourth Amendment interests were not involved in the matter is no longer true given the Court's later order that resulted in government review of the entirety of Dr. Navarro's personal electronic mail account.

Should this application be denied, the magistrate judge or the district court could further rule in a manner that is inextricably intertwined with the appeal that Dr. Navarro seeks to pursue. Unless the magistrate's ruling and any response from the district court and/or the government were all to come within the next nine (9) days, Dr. Navarro would be left without a means to raise these issues in what is his appeal of last resort.[5] Even if the magistrate completes his review before the deadline to file a writ of certiorari arrives, it is unlikely that Dr. Navarro would be left with adequate time to include any issues created by the magistrate's ruling in the writ of certiorari at its current deadline.

---

[5] Given that the magistrate judge has been tasked with reviewing over nine thousand (9,000) pages of material, and with deciding for each page whether they are, or include segregable portions of, presidential records, it appears unlikely that the magistrate will complete his review of the contents prior to the deadline for Dr. Navarro to file a writ of certiorari.

9

## CONCLUSION

For the foregoing reasons, Applicant-Defendant Dr. Peter K. Navarro respectfully requests that the application be granted and the deadline to file a writ of certiorari in this matter be extended by sixty (60) days.

[SIGNATURE ON NEXT PAGE]

Date: August 12, 2024                           Respectfully submitted,

                                                               /s/ Stanley E. Woodward, Jr.
                                                     Stanley M. Brand
                                                     Stanley E. Woodward, Jr.
                                                     Brand Woodward Law, LP
                                                     400 Fifth Street Northwest
                                                     Suite 350
                                                     Washington, D.C. 20001

                                                     Counsel for Applicant-Defendant
                                                     Peter K. Navarro

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Supreme Court Rules 22.2 and 29, that on August 12, 2024, the foregoing was electronically filed with the Clerk of the Court. Pursuant to Supreme Court Rule 22, paper copies were transmitted to the Clerk on or about August 12, 2024.

I further certify that counsel of record in the District Court and the Appellate Court in this matter were served via electronic mail.  I further certify that paper copies of this application were mailed to the Mailing Address of the Solicitor General, as included in the Rules of the Supreme Court of the United States.

                                                      /s/ Stanley E. Woodward Jr.
                                                   Stanley E. Woodward, Jr.