# EXHIBIT A

No. 24-A201

## In the Supreme Court of the United States

PETER K. NAVARRO, Applicant

V.

UNITED STATES OF AMERICA

———————————

**PETER K. NAVARRO'S APPLICATION FOR FURTHER EXTENSION OF TIME TO FILE PETITION FOR WRIT OF CERTIORARI IN MATTER 22-cv-02292-CKK (D.D.C.) / 23-5062 (D.C. Cir.)**

———————————

STANLEY M. BRAND
STANLEY E. WOODWARD, JR.
BRAND WOODWARD LAW, LP
400 5TH STREET NORTHWEST, SUITE 350
WASHINGTON, D.C. 20001

Counsel for Applicant-Defendant Peter K. Navarro

## PARTIES TO THE PROCEEDING AND RELATED PROCEEDINGS

Defendant-Applicant is Peter K. Navarro. Plaintiff-Respondent is the United States of America. The proceedings below were *United States v. Peter K. Navarro*, 1:22-cv-02292 (D.D.C.) and 23-5062 (D.C. Cir.).

## INTRODUCTION

To the Honorable John Roberts, Chief Justice of the Supreme Court of the United States, and Circuit Justice for the District of Columbia Circuit: in accordance with Rules 13.5, 22, 30.2, 30.3, and 33.2 of the Supreme Court, Defendant-Applicant Peter K. Navarro respectfully requests that the time to file his petition for a writ of certiorari in this civil matter be extended for sixty (60) days, up to and including December 4, 2024.  The Court of Appeals issued its judgment on April 1, 2024 and denied convening a panel rehearing or rehearing *en banc* on May 23, 2024.  On August 12, 2024, Applicant-Defendant Navarro submitted an application to extend the time within which he may file a petition for a writ of certiorari.  On August 24, 2024, this Court granted the August 12, 2024, Application for an extension of time.

Absent an extension of time, the petition for certiorari in this matter would be due on Saturday, October 5, 2024, pursuant to this Court's earlier order granting an initial extension of time.  Supreme Court Rule 13.3.

## JURISDICTION

For good cause shown in an application, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding sixty (60) days. Supreme Court Rule 13.5. This Court has jurisdiction over this application and the eventual writ of certiorari pursuant to 28 U.S.C. § 1253, as the applicant intends to seek a review of a decision made by a three-judge panel of the D.C. Circuit Court of Appeals.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

This case involves the scope, interpretation, and enforcement of the Presidential Records Act, 44 U.S.C. §§ 2201-2209. This case also involves how 44 U.S.C. §§ 2201-2209 interacts with the rights within the Fourth Amendment to the Constitution of the United States of America.

## BACKGROUND

In reflection of the value of this Court's time, Applicant-Defendant Navarro incorporates the Background section from the August 12, 2024, Application, at pages 3 to 6. In addition, Applicant-Defendant Navarro states that on September 13, 2024, counsel for Applicant-Defendant Navarro filed with the district court notice that the August 12, 2024, Application for an Extension of time had been granted and provided the district court a copy of the Application itself. *See United States v. Peter*

*K. Navarro*, Case No. 1:22-cv-02292 (CKK) (D.D.C.) Notice (Sep. 13, 2024) (ECF No. 050).

## REASONS FOR GRANTING THE APPLICATION

In reflection of the value of this Court's time, Applicant-Defendant Navarro incorporates the Reasons for Granting the Application section from the August 12, 2024, Application, at pages 6 to 9.

In addition, Applicant-Defendant Navarro states the following in support of this application: the unique procedural posture which served as good cause to grant Applicant-Defendant Navarro's first application in this matter remains unchanged, as the magistrate judge's review has not yet concluded. Without an extension of time to file a petition for a writ of certiorari, Applicant-Defendant Navarro will be forced to submit a pro forma petition for a writ of certiorari in this matter through no fault of his own. Applicant-Defendant Navarro would be unable to raise the myriad of potential statutory and constitutional issues that still may arise in the case once the magistrate judge's review is concluded, as such issues are not ripe for this Court's review. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks omitted) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985); 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §

3532, p. 112 (1984)).  Having to submit a less-than-complete version of a petition

for a writ of certiorari is prejudicial to Applicant-Defendant Navarro's case, as this

Court notes that review on a writ of certiorari is, "not a matter of right, but of judicial

discretion[,]" and that, "[a] petition for a writ of certiorari will only be granted for

compelling reasons."  Supreme Court Rule 10.

## CONCLUSION

For the foregoing reasons, Applicant-Defendant Dr. Peter K. Navarro

respectfully requests that the application be granted and the deadline to file a writ of

certiorari in this matter be extended by sixty (60) days.


Date: September 25, 2024          Respectfully submitted,

                                   /s/ Stanley E. Woodward, Jr.
                                  Stanley M. Brand
                                  Stanley E. Woodward, Jr.
                                  Brand Woodward Law, LP
                                  400 5th Street Northwest, Suite 350
                                  Washington, D.C., 20001

                                  Counsel for Applicant-Defendant
                                  Peter K. Navarro