UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER K. NAVARRO,<br><br>Defendant. | Case No. 22-cv-2292 (CKK/GMH) |

MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This case concerns whether the defendant, Peter Navarro, a former employee of the White House in the Executive Office of the President, is unlawfully withholding documents that constitute "Presidential records" under the Presidential Records Act ("PRA") of 1978, 44 U.S.C. §§ 2201–2209, and are therefore property of the United States. On March 9, 2023, the Court denied Defendant's motion to dismiss the complaint and granted Plaintiff's motion for summary judgment, finding "there can be no dispute of material fact" that Navarro possesses "public records belonging to the United States," pursuant to the PRA, and that the United States is entitled to replevin of the same pursuant to the District of Columbia replevin statute, D.C. Code § 16–3702. *United States v. Navarro*, 664 F. Supp. 3d 48, 50–51 (D.D.C. 2023) (*Navarro I*), *aff'd*, No. 23-5062, 2024 WL 1364354 (D.C. Cir. Apr. 1, 2024). The Court ordered Defendant to produce to Plaintiff a set of documents that Defendant's counsel had already identified as Presidential records and to engage in a meet and confer process with Plaintiff to agree on a methodology for identifying any additional Presidential records in Defendant's possession. *See* Order, ECF No. 15. Over the course of that process, several rounds of status reports and orders resulted in Defendant producing 211 documents to the government. *See* ECF No. 30 at 2. However, the government remained

unsatisfied that all responsive documents had been produced consistent with the Court's orders and filed a motion to enforce the judgment on May 31, 2023.  *See generally* ECF No. 30.  On August 31, 2023, the Court ordered Defendant to "file under seal a notice listing all search terms used, the metadata fields searched, and the email accounts searched" and to "deliver to Chambers a random sample of fifty emails across each account searched that were not identified as responsive in his last review."  Order, ECF No. 32 at 1–2.  On February 20, 2024, after ordering and receiving additional briefing from the parties on search terms and whether records related to the 2020 Presidential Election were Presidential records, the Court issued an opinion with respect to the random sample of 50 emails it had reviewed *in camera*, concluding that 22 were not Presidential records, 12 were Presidential records, and that, as to the remaining 16, "a conclusion cannot be reached" because "their classification depends on why Defendant prepared them and/or what he did with them."[1]  *United States v. Navarro*, No. 22-cv-2292, 2024 WL 687972, at *3 (D.D.C. Feb. 20, 2024) (*Navarro II*).  The Court further determined that "it is clear that Defendant continues to possess Presidential records that have not been produced to their rightful owner, the United States" and that Defendant's "error rate is not minimal or negligible, and is likely 'unacceptably high.'"  *Id.*  The Court granted Plaintiff's motion to enforce and stated it would refer the matter to a magistrate judge.  *Id.*  On April 9, 2024, Judge Kollar-Kotelly made that referral to the undersigned "to conduct an *in camera* review of the documents in Defendant's possession, custody, or control that may be Presidential records as that term is defined by the Presidential Records Act . . . and to issue a Report and Recommendation recommending a disposition as to those records."  Order Referring Case, ECF No. 43 at 1.  In furtherance of that referral, Judge Kollar-Kotelly ordered Defendant on

---

[1] These numbers refer to "emails" rather than "documents."  Each email may contain multiple documents—the email itself, which comprises one document, and an additional document for each file attached to the email.  The numbers and computations in the analysis below refer to documents rather than emails.

that same date, to provide the undersigned's chambers with the following documents on or before May 31, 2024, to be maintained under seal:  (1) "all documents that prior searches have identified as potential Presidential records as described in prior status reports," (2) all documents identified from "any other searches run by Defendant to identify potentially responsive records," and (3) "all documents previously reviewed by the Court, as ordered by its August [31,] 2023 order," i.e., the random sample of 50 emails reviewed by Court pursuant to that order.  April 9 Order, ECF No. 42 at 2.

On May 31, 2024, asserting that the Court's April 9 Order "effectively direct[ed] the production of every record sent or received by Dr. Navarro on his personal Proton Mail account during his tenure as a senior presidential advisor," Defendant provided to the undersigned the 1,838 documents sent to or received by his Proton Mail account[2] between January 20, 2017, and January 20, 2021.  ECF No. 47 at 1.  According to the index of documents Defendant provided to the undersigned with the documents, of these 1,838 documents, 911 have already been produced to the

---

[2] Defendant has acknowledged that he used additional personal email accounts, aside from his Proton Mail account, during his tenure at the White House.  Status Report, ECF No. 29 at 2.  However, he has contended that

> given the relatively short time period within which Dr. Navarro was to complete his searches in accordance with the Court's Enforcement Order, it was not possible to process and upload Dr. Navarro's other personal email accounts . . . for advanced forensic searching.  Nevertheless, Dr. Navarro conducted manual searches within these accounts and further conducted searches of his ProtonMail account for reference to all known personal email accounts within the relevant time period. . . . Following such searches, Dr. Navarro identified no emails that were not also contained within (and thus produced from) Dr. Navarro's ProtonMail account or Dr. Navarro's official White House email account.

*Id*.  The Court has referred this case to the undersigned to review the documents Defendant produced for *in camera* review pursuant to its April 9 Order, not to consider the adequacy of that production itself.  *See* Order Referring Case, ECF No. 43 at 1.  Indeed, to aid Judge Kollar-Kotelly in making that determination, her April 9 Order required Defendant to "prepare an affidavit or sworn declaration . . . providing a detailed account of his search methodology, including but not limited to all search terms used, the metadata fields searched, and the email accounts searched" and gave the government an opportunity to file a response "indicating whether there are additional methods Defendant can employ to capture any and all Presidential records in his possession."  April 9 Order, ECF No. 42 at 3.  In response to Defendant's submission, *see* Decl. of Stanley E. Woodward, Jr., ECF No. 48-1 (under seal), the government failed to suggest any additional searches.  Therefore, the undersigned has not considered whether Defendant's other personal email accounts might contain Presidential records not included in the set of 1,838 documents produced for *in camera* review.

United States, leaving 927 unproduced documents.  Of those 927 documents, Judge Kollar-Kotelly determined through her preliminary review of the random sample of 50 emails that 22 emails comprising 35 documents[3] were not Presidential records, leaving 892 documents in question.  The undersigned has now reviewed those 892 documents.  As explained below, the undersigned recommends that the Court find that 538 of these documents are not Presidential records.  The undersigned will require additional proceedings before making a recommendation to the Court as for the remaining 354 documents, which will be the subject of a separate order filed contemporaneously with this Report and Recommendation.

Under the PRA, "a Presidential record is a record generated by or received by a covered employee in the course of assisting with the discharge of the President's official duties."  *Navarro I*, 664 F. Supp. 3d at 51; *see also* 4 U.S.C. § 2201(2).  The scope of that definition is "very broad since a great number of what might ordinarily be construed as one's private activities are, because of the nature of the presidency, considered to be of public nature, i.e., they effect the discharge of [the President's] official or ceremonial duties."  *Am. Hist. Ass'n v. Peterson*, 876 F. Supp. 1300, 1307 (D.D.C. 1995) (quoting H.R. No. 95-1487, 95th Cong., 2d Sess. §§ 11–12, *reprinted in* 1978 U.S.C.C.A.N. 5732, 5742–43).  However, the PRA expressly excludes from the definition "personal records," which are "all documentary materials, or any reasonably segregable portion thereof, of a purely private or nonpublic character which do not relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President."  44 U.S.C § 2201(3).  Such "personal records" include "diaries, journals, or other personal notes serving as the[ir] functional equivalent . . . which are not prepared for, or

---

[3] As noted above, in explaining the results of its initial review, the Court referred to the number of "emails" rather than "documents."  *See supra* note 1.  The Court found that 22 emails were not Presidential records. These 22 emails comprise 35 documents when each attachment is counted separately from the associated email.

circulated or communicated in the course of, transacting Government business"; and "materials relating to private political associations" or "directly relating to the election of a particular individual or individuals[, including the President,] to Federal, State, or local office," so long as those records "have no relation to or direct effect upon the carrying out of constitutional, statutory, or other official or ceremonial duties of the President." *Id.*

The Court has already found that Defendant was a "covered employee" under the PRA and that "the United States is the rightful owner of the Presidential records created or received by Defendant in the course of assisting with the discharge of the President's official duties." *Navarro II*, 2024 WL 687972, at *2; *see also* ECF No. 15 at 3; 44 U.S.C. §§ 2201(2), 2022.   As directed by the Court, the undersigned conducted a review of the documents produced for *in camera* review with the goal of providing a recommendation as to which of the 892 remaining documents are Presidential records and must be produced to the government, and which are not.  In this initial Report and Recommendation, the undersigned will identify those documents which require no additional proceedings as they are clearly not Presidential records based on *in camera* review by the undersigned.  These records either have no relationship to Defendant's role in the White House, or bear some tangential relationship to the President's or Navarro's official duties but were clearly not "created or received . . . in the course of conducting [those] activities" and/or do not "relate to or have an effect upon the carrying out of the . . . duties of the President."  44 U.S.C. § 2201(2).  After reviewing the documents, the undersigned

**RECOMMENDS** that the Court find the following 91 documents[4] are not Presidential records because they are documents sent to or from a service provider, such as email and cloud storage services, news services, social media platforms, and government agencies of which

---

[4] Documents are identified by the "GMH_Review" Bates number assigned to the first page of the document.

Navarro is or was a customer in his personal capacity, and therefore do not "relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President":

| | | |
|---|---|---|
| GMH_Review_00005409 | GMH_Review_00005964 | GMH_Review_00006843 |
| GMH_Review_00005439 | GMH_Review_00005965 | GMH_Review_00006911 |
| GMH_Review_00005548 | GMH_Review_00005968 | GMH_Review_00006967 |
| GMH_Review_00005577 | GMH_Review_00005971 | GMH_Review_00006978 |
| GMH_Review_00005612 | GMH_Review_00005974 | GMH_Review_00007002 |
| GMH_Review_00005641 | GMH_Review_00005975 | GMH_Review_00007011 |
| GMH_Review_00005728 | GMH_Review_00005977 | GMH_Review_00007024 |
| GMH_Review_00005769 | GMH_Review_00005985 | GMH_Review_00007050 |
| GMH_Review_00005785 | GMH_Review_00005986 | GMH_Review_00007076 |
| GMH_Review_00005807 | GMH_Review_00005987 | GMH_Review_00007160 |
| GMH_Review_00005812 | GMH_Review_00005995 | GMH_Review_00007249 |
| GMH_Review_00005813 | GMH_Review_00006299 | GMH_Review_00007322 |
| GMH_Review_00005824 | GMH_Review_00006305 | GMH_Review_00007949 |
| GMH_Review_00005831 | GMH_Review_00006306 | GMH_Review_00007976 |
| GMH_Review_00005832 | GMH_Review_00006308 | GMH_Review_00008034 |
| GMH_Review_00005834 | GMH_Review_00006311 | GMH_Review_00008063 |
| GMH_Review_00005837 | GMH_Review_00006312 | GMH_Review_00008191 |
| GMH_Review_00005839 | GMH_Review_00006313 | GMH_Review_00008210 |
| GMH_Review_00005857 | GMH_Review_00006316 | GMH_Review_00008272 |
| GMH_Review_00005870 | GMH_Review_00006374 | GMH_Review_00008296 |
| GMH_Review_00005884 | GMH_Review_00006541 | GMH_Review_00008338 |
| GMH_Review_00005890 | GMH_Review_00006588 | GMH_Review_00008459 |
| GMH_Review_00005901 | GMH_Review_00006619 | GMH_Review_00008470 |
| GMH_Review_00005907 | GMH_Review_00006650 | GMH_Review_00008497 |
| GMH_Review_00005908 | GMH_Review_00006682 | GMH_Review_00009011 |
| GMH_Review_00005909 | GMH_Review_00006729 | GMH_Review_00009017 |
| GMH_Review_00005914 | GMH_Review_00006733 | GMH_Review_00009020 |
| GMH_Review_00005917 | GMH_Review_00006769 | GMH_Review_00009021 |
| GMH_Review_00005921 | GMH_Review_00006774 | GMH_Review_00009024 |
| GMH_Review_00005929 | GMH_Review_00006777 | |
| GMH_Review_00005947 | GMH_Review_00006808 | |

The undersigned further

**RECOMMENDS** that the Court find the following 37 documents are not Presidential records because they are communications that contain no substantive content in the subject line, body, or attachment, and therefore do not "relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President":

GMH_Review_00005458          GMH_Review_00006718          GMH_Review_00008536
GMH_Review_00005529          GMH_Review_00006771          GMH_Review_00008539
GMH_Review_00005629          GMH_Review_00006772          GMH_Review_00008584
GMH_Review_00005656          GMH_Review_00006773          GMH_Review_00008662
GMH_Review_00005666          GMH_Review_00006856          GMH_Review_00008701
GMH_Review_00005815          GMH_Review_00006857          GMH_Review_00008704
GMH_Review_00005869          GMH_Review_00006927          GMH_Review_00008705
GMH_Review_00005887          GMH_Review_00006949          GMH_Review_00008722
GMH_Review_00005897          GMH_Review_00007023          GMH_Review_00009001
GMH_Review_00005963          GMH_Review_00007049          GMH_Review_00009008
GMH_Review_00006286          GMH_Review_00008074          GMH_Review_00009010
GMH_Review_00006661          GMH_Review_00008075
GMH_Review_00006680          GMH_Review_00008496

The undersigned further

**RECOMMENDS** that the Court find the following 39 documents are not Presidential records because they are communications with professional associates pertaining to Navarro's pre-White House career in academia and concern book deals that clearly do not "relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President"[5]:

GMH_Review_00006938          GMH_Review_00007242          GMH_Review_00007966
GMH_Review_00007022          GMH_Review_00007265          GMH_Review_00007969
GMH_Review_00007041          GMH_Review_00007271          GMH_Review_00007971
GMH_Review_00007063          GMH_Review_00007277          GMH_Review_00007974
GMH_Review_00007112          GMH_Review_00007282          GMH_Review_00008000
GMH_Review_00007118          GMH_Review_00007288          GMH_Review_00008002
GMH_Review_00007188          GMH_Review_00007293          GMH_Review_00008024
GMH_Review_00007196          GMH_Review_00007298          GMH_Review_00008025
GMH_Review_00007202          GMH_Review_00007303          GMH_Review_00008027
GMH_Review_00007208          GMH_Review_00007308          GMH_Review_00008028
GMH_Review_00007219          GMH_Review_00007313          GMH_Review_00008029
GMH_Review_00007227          GMH_Review_00007317          GMH_Review_00008056
GMH_Review_00007235          GMH_Review_00007960          GMH_Review_00008532

---

[5] Because Navarro's pre-White House career was as an academic economist and his focus at the White House was on economic issues, documents related to his pre-White House career (as a professor, writer, and analyst) sometimes address topics on which he also worked in his official White House capacity. *See Peter Navarro*, The White House, https://trumpwhitehouse.archives.gov/people/peter-navarro/ [https://perma.cc/XD66-MARK].   The documents that the undersigned has included in this list are clearly related only to Navarro's pre-White House work, even if they address topics on which Navarro may have also worked in his official capacity.

The undersigned further

     **RECOMMENDS** that the Court find the following 332 documents are clearly not Presidential records because they are communications on purely personal matters,[6] including arranging social meetings and personal appointments, managing personal property and finances, exchanging personal contact information with associates, and checking in with relatives:

| | | |
|---|---|---|
| GMH_Review_00005386 | GMH_Review_00005657 | GMH_Review_00005984 |
| GMH_Review_00005399 | GMH_Review_00005708 | GMH_Review_00006000 |
| GMH_Review_00005402 | GMH_Review_00005709 | GMH_Review_00006004 |
| GMH_Review_00005405 | GMH_Review_00005774 | GMH_Review_00006007 |
| GMH_Review_00005410 | GMH_Review_00005777 | GMH_Review_00006009 |
| GMH_Review_00005414 | GMH_Review_00005778 | GMH_Review_00006010 |
| GMH_Review_00005418 | GMH_Review_00005780 | GMH_Review_00006044 |
| GMH_Review_00005423 | GMH_Review_00005810 | GMH_Review_00006111 |
| GMH_Review_00005428 | GMH_Review_00005817 | GMH_Review_00006178 |
| GMH_Review_00005452 | GMH_Review_00005823 | GMH_Review_00006179 |
| GMH_Review_00005456 | GMH_Review_00005827 | GMH_Review_00006180 |
| GMH_Review_00005459 | GMH_Review_00005840 | GMH_Review_00006182 |
| GMH_Review_00005463 | GMH_Review_00005841 | GMH_Review_00006249 |
| GMH_Review_00005466 | GMH_Review_00005883 | GMH_Review_00006288 |
| GMH_Review_00005547 | GMH_Review_00005916 | GMH_Review_00006297 |
| GMH_Review_00005550 | GMH_Review_00005925 | GMH_Review_00006302 |
| GMH_Review_00005551 | GMH_Review_00005926 | GMH_Review_00006309 |
| GMH_Review_00005552 | GMH_Review_00005927 | GMH_Review_00006310 |
| GMH_Review_00005555 | GMH_Review_00005934 | GMH_Review_00006341 |
| GMH_Review_00005558 | GMH_Review_00005936 | GMH_Review_00006345 |
| GMH_Review_00005561 | GMH_Review_00005939 | GMH_Review_00006347 |
| GMH_Review_00005564 | GMH_Review_00005946 | GMH_Review_00006348 |
| GMH_Review_00005568 | GMH_Review_00005966 | GMH_Review_00006349 |
| GMH_Review_00005570 | GMH_Review_00005967 | GMH_Review_00006350 |
| GMH_Review_00005571 | GMH_Review_00005969 | GMH_Review_00006351 |
| GMH_Review_00005572 | GMH_Review_00005970 | GMH_Review_00006352 |
| GMH_Review_00005573 | GMH_Review_00005978 | GMH_Review_00006354 |
| GMH_Review_00005603 | GMH_Review_00005980 | GMH_Review_00006397 |
| GMH_Review_00005606 | GMH_Review_00005981 | GMH_Review_00006399 |

---

[6] A handful of these records make casual reference to then-President Trump or to Navarro's White House duties—for example, expressing general support for then-President Trump or complimenting Navarro on a media appearance he made in his official capacity—but it is clear from the face of the communications that these remarks were made in a purely social context and were not "created or received . . . in the course of conducting activities which relate to or have an effect upon the . . . duties of the President." 44 U.S.C. 2201(2).

| | | |
|---|---|---|
| GMH_Review_00006523 | GMH_Review_00006910 | GMH_Review_00007480 |
| GMH_Review_00006531 | GMH_Review_00006931 | GMH_Review_00007481 |
| GMH_Review_00006533 | GMH_Review_00006933 | GMH_Review_00007482 |
| GMH_Review_00006535 | GMH_Review_00006997 | GMH_Review_00007486 |
| GMH_Review_00006540 | GMH_Review_00006999 | GMH_Review_00007487 |
| GMH_Review_00006567 | GMH_Review_00007001 | GMH_Review_00007491 |
| GMH_Review_00006573 | GMH_Review_00007034 | GMH_Review_00007492 |
| GMH_Review_00006576 | GMH_Review_00007036 | GMH_Review_00007579 |
| GMH_Review_00006580 | GMH_Review_00007037 | GMH_Review_00007582 |
| GMH_Review_00006583 | GMH_Review_00007039 | GMH_Review_00007941 |
| GMH_Review_00006600 | GMH_Review_00007059 | GMH_Review_00007945 |
| GMH_Review_00006602 | GMH_Review_00007061 | GMH_Review_00007987 |
| GMH_Review_00006611 | GMH_Review_00007062 | GMH_Review_00007989 |
| GMH_Review_00006614 | GMH_Review_00007070 | GMH_Review_00008004 |
| GMH_Review_00006638 | GMH_Review_00007072 | GMH_Review_00008008 |
| GMH_Review_00006644 | GMH_Review_00007073 | GMH_Review_00008011 |
| GMH_Review_00006662 | GMH_Review_00007085 | GMH_Review_00008012 |
| GMH_Review_00006665 | GMH_Review_00007087 | GMH_Review_00008014 |
| GMH_Review_00006670 | GMH_Review_00007088 | GMH_Review_00008016 |
| GMH_Review_00006672 | GMH_Review_00007093 | GMH_Review_00008020 |
| GMH_Review_00006674 | GMH_Review_00007094 | GMH_Review_00008022 |
| GMH_Review_00006675 | GMH_Review_00007099 | GMH_Review_00008030 |
| GMH_Review_00006700 | GMH_Review_00007104 | GMH_Review_00008031 |
| GMH_Review_00006701 | GMH_Review_00007105 | GMH_Review_00008033 |
| GMH_Review_00006704 | GMH_Review_00007108 | GMH_Review_00008044 |
| GMH_Review_00006705 | GMH_Review_00007130 | GMH_Review_00008045 |
| GMH_Review_00006709 | GMH_Review_00007135 | GMH_Review_00008046 |
| GMH_Review_00006712 | GMH_Review_00007148 | GMH_Review_00008050 |
| GMH_Review_00006713 | GMH_Review_00007152 | GMH_Review_00008051 |
| GMH_Review_00006714 | GMH_Review_00007153 | GMH_Review_00008052 |
| GMH_Review_00006720 | GMH_Review_00007157 | GMH_Review_00008057 |
| GMH_Review_00006721 | GMH_Review_00007170 | GMH_Review_00008076 |
| GMH_Review_00006725 | GMH_Review_00007174 | GMH_Review_00008078 |
| GMH_Review_00006726 | GMH_Review_00007178 | GMH_Review_00008081 |
| GMH_Review_00006728 | GMH_Review_00007179 | GMH_Review_00008084 |
| GMH_Review_00006732 | GMH_Review_00007180 | GMH_Review_00008116 |
| GMH_Review_00006775 | GMH_Review_00007181 | GMH_Review_00008150 |
| GMH_Review_00006802 | GMH_Review_00007182 | GMH_Review_00008152 |
| GMH_Review_00006803 | GMH_Review_00007260 | GMH_Review_00008153 |
| GMH_Review_00006828 | GMH_Review_00007320 | GMH_Review_00008154 |
| GMH_Review_00006829 | GMH_Review_00007332 | GMH_Review_00008201 |
| GMH_Review_00006833 | GMH_Review_00007334 | GMH_Review_00008202 |
| GMH_Review_00006837 | GMH_Review_00007403 | GMH_Review_00008203 |
| GMH_Review_00006841 | GMH_Review_00007405 | GMH_Review_00008241 |
| GMH_Review_00006872 | GMH_Review_00007475 | GMH_Review_00008242 |
| GMH_Review_00006877 | GMH_Review_00007476 | GMH_Review_00008243 |

| | | |
|---|---|---|
| GMH_Review_00008250 | GMH_Review_00008586 | GMH_Review_00008720 |
| GMH_Review_00008255 | GMH_Review_00008616 | GMH_Review_00008723 |
| GMH_Review_00008280 | GMH_Review_00008617 | GMH_Review_00008725 |
| GMH_Review_00008282 | GMH_Review_00008647 | GMH_Review_00008726 |
| GMH_Review_00008283 | GMH_Review_00008648 | GMH_Review_00008727 |
| GMH_Review_00008291 | GMH_Review_00008649 | GMH_Review_00008728 |
| GMH_Review_00008304 | GMH_Review_00008655 | GMH_Review_00008729 |
| GMH_Review_00008307 | GMH_Review_00008656 | GMH_Review_00008730 |
| GMH_Review_00008308 | GMH_Review_00008657 | GMH_Review_00008731 |
| GMH_Review_00008318 | GMH_Review_00008663 | GMH_Review_00008746 |
| GMH_Review_00008327 | GMH_Review_00008664 | GMH_Review_00008747 |
| GMH_Review_00008336 | GMH_Review_00008665 | GMH_Review_00008748 |
| GMH_Review_00008337 | GMH_Review_00008669 | GMH_Review_00008749 |
| GMH_Review_00008346 | GMH_Review_00008673 | GMH_Review_00008750 |
| GMH_Review_00008348 | GMH_Review_00008674 | GMH_Review_00008752 |
| GMH_Review_00008350 | GMH_Review_00008677 | GMH_Review_00008754 |
| GMH_Review_00008445 | GMH_Review_00008679 | GMH_Review_00008763 |
| GMH_Review_00008446 | GMH_Review_00008680 | GMH_Review_00008764 |
| GMH_Review_00008447 | GMH_Review_00008682 | GMH_Review_00008766 |
| GMH_Review_00008453 | GMH_Review_00008683 | GMH_Review_00008767 |
| GMH_Review_00008454 | GMH_Review_00008684 | GMH_Review_00008768 |
| GMH_Review_00008468 | GMH_Review_00008685 | GMH_Review_00008996 |
| GMH_Review_00008469 | GMH_Review_00008687 | GMH_Review_00008997 |
| GMH_Review_00008478 | GMH_Review_00008693 | GMH_Review_00008998 |
| GMH_Review_00008487 | GMH_Review_00008695 | GMH_Review_00009002 |
| GMH_Review_00008495 | GMH_Review_00008697 | GMH_Review_00009005 |
| GMH_Review_00008505 | GMH_Review_00008698 | GMH_Review_00009013 |
| GMH_Review_00008506 | GMH_Review_00008699 | GMH_Review_00009014 |
| GMH_Review_00008510 | GMH_Review_00008700 | GMH_Review_00009026 |
| GMH_Review_00008511 | GMH_Review_00008702 | GMH_Review_00009027 |
| GMH_Review_00008515 | GMH_Review_00008706 | GMH_Review_00009029 |
| GMH_Review_00008517 | GMH_Review_00008708 | GMH_Review_00009030 |
| GMH_Review_00008525 | GMH_Review_00008709 | GMH_Review_00009031 |
| GMH_Review_00008540 | GMH_Review_00008710 | GMH_Review_00009032 |
| GMH_Review_00008541 | GMH_Review_00008713 | GMH_Review_00009033 |
| GMH_Review_00008585 | GMH_Review_00008716 | |

The undersigned further

  **RECOMMENDS** that the Court find the following 39 documents are not Presidential records because, while they relate to the White House or then-President Trump generally, they clearly

do not "relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President"[7]:

| | | |
|---|---|---|
| GMH_Review_00005383 | GMH_Review_00005598 | GMH_Review_00008230 |
| GMH_Review_00005384 | GMH_Review_00005599 | GMH_Review_00008231 |
| GMH_Review_00005396 | GMH_Review_00005600 | GMH_Review_00008232 |
| GMH_Review_00005412 | GMH_Review_00005640 | GMH_Review_00008233 |
| GMH_Review_00005426 | GMH_Review_00005744 | GMH_Review_00008234 |
| GMH_Review_00005429 | GMH_Review_00005745 | GMH_Review_00008235 |
| GMH_Review_00005433 | GMH_Review_00006646 | GMH_Review_00008236 |
| GMH_Review_00005438 | GMH_Review_00006677 | GMH_Review_00008237 |
| GMH_Review_00005593 | GMH_Review_00006678 | GMH_Review_00008238 |
| GMH_Review_00005594 | GMH_Review_00008219 | GMH_Review_00008239 |
| GMH_Review_00005595 | GMH_Review_00008221 | GMH_Review_00008240 |
| GMH_Review_00005596 | GMH_Review_00008228 | GMH_Review_00008248 |
| GMH_Review_00005597 | GMH_Review_00008229 | GMH_Review_00008689 |

Contemporaneously with this Report and Recommendation, the undersigned will enter an order concerning further proceedings with respect to the remaining 354 documents not included in the lists above.

\*      \*      \*      \*      \*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objection to the findings and recommendations set forth in this report may waive their right of appeal from an order

---

[7] This category includes photographs taken inside the White House and/or with administration officials where the context makes clear that the photographs are being shared for personal use; communications to or from private citizens that touch on Navarro's work in the White House but where the context makes clear that the communications were not sent or received "in the course of conducting activities which relate to or have an effect upon the . . . duties of the president;" and communications related to an event at which Donald Trump appeared in his personal capacity to address White House staff after departing the White House on Inauguration Day 2021.

of the District Court that adopts such findings and recommendations. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: October 11, 2024

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE