IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:22-cv-02292-CKK/GMH |
| **Plaintiff,** ) | The Honorable Colleen Kollar-Kotelly |
| ) | The Honorable Magistrate Judge G. Michael Harvey |
| v. ) | |
| ) | |
| **PETER K. NAVARRO,** ) | |
| ) | |
| **Defendant.** | |

### DEFENDANT PETER K. NAVARRO'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3(b), Defendant Peter K. Navarro, through his undersigned counsel, respectfully submits the following objections to the October 11, 2024 Report and Recommendation (ECF No. 052) ("the Report") in the above-captioned case issued by the Honorable United States Magistrate Judge G. Michael Harvey.[1]  Dr. Navarro respectfully objects to Magistrate Judge Harvey's referral by the district court to handle post-

---

[1] Concurrent with his Report and Recommendation, Magistrate Judge Harvey also issued an Order convening a hearing for November 1, 2024.  *See* Order (Oct. 11, 2024) (ECF No. 053).  This Order states that the hearing is meant to assist Magistrate Judge Harvey in preparing a separate final report and recommendation on the documents over which Magistrate Judge Harvey could not make a determination.  *See id.*, at 2 ("As for the remaining 354 documents, the undersigned will require additional proceedings before making a recommendation to the Court.").  The relevant rules state that a party can only object to a magistrate's proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(C) ("[A]ny party may serve and file written objections to [a magistrate judge's] *proposed findings and recommendations* as provided by rules of court.") (emphasis added).  *See also* LCvR 72.3(b) ("Any party may file for consideration by the district judge written objections to the magistrate judge's *proposed findings and recommendations* issued under paragraph (a) within 14 days after being served with a copy thereof.") (emphasis added).  Given that Magistrate Judge Harvey's Report does not cover the analysis contained in his Order convening a hearing and given that Magistrate Judge Harvey's Order signified that he intends to file a separate Report and Recommendation as to those documents sometime after the November 1, 2024, Hearing, Dr. Navarro does not yet address the analysis contained in the Order (ECF No. 053).

RECEIVED
OCT 25 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

judgment proceedings in this matter, and objects to Magistrate Judge Harvey's jurisdiction in this matter.[2]

## I. Standard of Review

A district court reviews *de novo* the portions of a magistrate judge's recommendation to which any party properly and timely objects. *See e.g. Hammons v. Islamic Republic of Iran*, 2023 U.S. Dist. LEXIS 170713, at *13 (D.D.C. Sept. 25, 2023) (citing 28 U.S.C. § 636(b)(1)) (also citing Fed. R. Civ. P. 72(b)(3)). The district court can, "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge, or may recommit the matter to the magistrate judge with instructions." LCvR 72.3(c).

## II. Argument

Dr. Navarro objects to the referral of this matter to Magistrate Judge Harvey in this matter. The district court referred this case to Magistrate Judge Harvey, "to conduct an *in camera* review of the documents. . . and to issue a Report and Recommendation recommending a disposition as to those record pursuant to LCvR 72.3(a)[.]" Order, at 1 (ECF No. 043) (Apr. 9, 2024). LCvR 72.3(a) lists seven instances in which a district court judge may refer to a magistrate judge for report and recommendation. LCvR 72.3(a)(2) appears to be the only subsection which could potentially apply in this case, as it relates to, "Motions for injunctive relief[.]" However, at the time of the referral of this case to Magistrate Judge Harvey, there was no motion for injunctive relief pending in this Court which would warrant the referral of this matter to Magistrate Judge Harvey under LCvR 72.3(a)(2). On February 20, 2024, the district

---

[2] Dr. Navarro raises this objection solely to preserve the issue of Magistrate Judge Harvey's jurisdiction for a potential appeal. *See e.g.* LCvR 72.3(b) ("Failure to file timely objections may waive appellate review of a District Court order adopting the magistrate judge's report."). The scope of a magistrate judge's jurisdiction in post-judgment proceedings appears to be a matter of first impression in the D.C. Circuit, and Dr. Navarro wishes to avoid unintentionally being unable to raise this issue on appeal by first failing to raise this issue before the district court.

court granted the government's motion to enforce the judgment in this case, which was the only pending motion for injunctive relief that has been before this Court in this matter. *See* Memorandum Opinion and Order, at 6 (ECF No. 038) (Feb. 20, 2024). As there was no motion for injunctive relief pending before the Court (or any other related matter pending that could be assigned to a magistrate judge as outlined in LCvR 72.3(a)), Magistrate Judge Harvey could not be assigned to this case under LCvR 72.3(a).

The D.C. Circuit has held that the matters allowing for the assignment of a magistrate judge in LCvR 72.3(a) are to be read in conjunction with the matters outlined in 28 U.S.C. § 636(b)(1)(B) and Fed R. Civ. P. 72. *See Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 362 F.3d 810, 815 n.6 (D.C. Cir. 2004) ("Local Civil Rule 72.3(a) sets out *inter alia* those matters a district court may refer to a magistrate judge for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72. *See* D.D.C. Loc. Civ. Rule 72.3(a)."). Fed. R. Civ. P. 72 refers to assigning a magistrate judge to handle certain pretrial matters such as non-dispositive motions, dispositive motions, and prisoner petitions. 28 U.S.C. § 636(b)(1)(B) restricts the designation of a magistrate to issue a recommendation for the disposition, "of any motion excepted in [28 U.S.C. § 636(b)(1)](A), of applications for post[-]trial . . . relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." No such motions were pending before the district court at the time of Magistrate Judge Harvey's referral, therefore Magistrate Judge Harvey's referral was improper and Magistrate Judge Harvey lacks the jurisdiction necessary to issue a report and recommendation in this case.

Other circuits have observed that 28 U.S.C. § 636(b)(3) confers upon magistrate judges limited jurisdiction to oversee post-judgment proceedings beyond what is explicitly anticipated

in the 28 U.S.C. § 636(b)(1)(B), so long as there is some relation to the duties anticipated within the statute. *See Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999) ("We believe the referral to the magistrate judge to determine damages [post-judgment]. . . falls within the purview of *Gomez* and *Mathews* as bearing a particular relationship to the other [28 U.S.C.] § 636 specified duties of the magistrate judge.") (citing *Gomez v. United States*, 490 U.S. 858 (1988)). 28 U.S.C. § 636(b)(3) allows for district judges to assign to a magistrate judge, "additional duties as are not inconsistent with the Constitution and the laws of the United States." However, it has been observed that in the D.C. Circuit, whether the magistrate has jurisdiction over post-judgment discovery matters is a question of first impression. *See Dist. Title v. Warren*, 265 F. Supp. 3d 17, 20 n.3 (D.D.C. 2017) ("[I]t appears to be a matter of first impression in this jurisdiction whether a Magistrate Judge has the power to resolve post judgment discovery issues."). Further, Magistrate Judge Harvey was explicitly assigned this matter under LCvR 72.3(a), which provides a list of matters that the district court can assign to a magistrate judge.

Dated: October 25, 2024                              Respectfully submitted,

                                                */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Stan M. Brand (D.C. Bar No. 213082)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC 20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*

## **CERTIFICATE OF SERVICE**

On October 25, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

        */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com