**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

PETER K. NAVARRO,

        Defendant.

Civil Action No. 22-cv-2292 (CKK/GMH)

**MEMORANDUM OPINION & ORDER**
(November 25, 2024)

The Court is in receipt of Magistrate Judge G. Michael Harvey's [52] First Report and Recommendation ("Report" or "Rep.") and Defendant Peter K. Navarro's [54] Objections to the Magistrate Judge's Proposed Findings and Recommendations ("Objections" or "Objs."). The United States has not objected to the Report or filed a response to Navarro's Objections, and the time to file an objection or response has expired. *See* LCvRs 7(b), 72.3(b). Upon consideration of the Report and Objections, the relevant legal authority, and the entire record in this case, the Court agrees with Navarro that there is a jurisdictional defect in the Court's original referral to Magistrate Judge Harvey: That referral rested on a Local Rule of Civil Procedure that is not applicable in the current posture of this case. However, the Court concludes that it may assign Magistrate Judge Harvey substantially the same duties under a different Local Rule and provision of the federal statute that confers jurisdiction on magistrate judges. *See* LCvR 72.1(b)(7); 18 U.S.C. § 636(b)(3). Therefore, although Navarro's Objections shall be **SUSTAINED** and the Court shall not adopt Magistrate Judge Harvey's Report at this time, the Court shall exercise its authority under the relevant Local Rule and statutory provision to reassign substantially the same duties to Magistrate Judge Harvey as the Court assigned in its previous referral. Consistent with

these rulings, the Court shall direct Magistrate Judge Harvey to review his initial Report, make any modifications he deems appropriate, and resubmit his Report to the Court pursuant his authority under this Memorandum Opinion and Order.[1]  The Court shall also establish a procedure for the parties to raise objections to Magistrate Judge Harvey's recommendations.

## I. BACKGROUND

The United States filed this civil action against former White House employee Peter Navarro to recover certain records that it contends are property of the United States because they are "Presidential records" within the meaning of the Presidential Records Act of 1978 ("PRA"), 44 U.S.C. §§ 2201–2209.  The Court granted summary judgment to the United States, ordered Navarro to produce a set of Presidential records that he had already identified, and ordered the parties to meet and confer to discuss how Navarro would identify any additional Presidential records still in his possession.  *See United States v. Navarro*, 664 F. Supp. 3d 48, 62 (D.D.C. 2023) (CKK), *aff'd*, No. 23-5062, 2024 WL 1364354 (D.C. Cir. Apr. 1, 2024); Order and Judgment, ECF No. 15.

The parties initially reached an agreement on a proposed search procedure and schedule, and the Court adopted the parties' joint proposal.  *See* Joint Status Rep., ECF No. 24; Minute Order (Apr. 12, 2023).  Consistent with the parties' proposal, the Court ordered Navarro to "complete all searches for Presidential records on or before May 8, 2023."  Minute Order (Apr. 12, 2023).  After Navarro failed to complete the required searches by this deadline, the Court ordered him to "search for and identify all Presidential records generated across any and all of his personal accounts on which he transacted official business" using specified search parameters and to produce "all

---

[1] Because the source of Magistrate Judge Harvey's jurisdiction to issue recommendations to this Court does not affect the substantive standards he must apply when reviewing the documents at issue to develop his recommendations, the Court does not expect that Magistrate Judge Harvey will re-review any individual documents produced by Navarro that he has already reviewed in response to the Court's initial referral.

Presidential records" discovered in those searches to the United States on or before May 26, 2023. Order, ECF No. 28.  The Court also ordered the United States to file a motion to enforce the Court's judgment on or before May 31, 2023, if it considered Navarro's productions in response to the Court's orders to be deficient.  *Id.*

After receiving Navarro's productions, the United States moved to enforce the Court's judgment.  *See* Mot. to Enforce, ECF No. 30.  The United States expressed concern that Navarro's productions and filings "offer[ed] no reassurance" that his searches had been "sufficient to capture *all* PRA materials," as required by the Court's order.  *Id.* at 3.  It also noted that "the small number of records produced" raised "questions about the adequacy of [Navarro's] search and review procedures."  *Id.*  The Court granted this motion to enforce and ordered Navarro to produce for *in camera* review a "random sample" of emails he had identified as non-Presidential records after searching his email accounts for terms related to his official duties as a White House employee. *See* Order, ECF No. 32.  The Court also ordered Navarro to file a notice under seal describing the parameters of the searches he performed to identify these emails.  *See id.*

The Court then reviewed the sample of emails that Navarro produced.  *See* Mem. Op. and Order, ECF No. 38.  Based on this review, the Court concluded that at least 24% of the emails in the sample of purportedly non-responsive records that Navarro provided were in fact Presidential records, making it "clear the [Navarro] continues to possess Presidential records that have not been produced to their rightful owner, the United States."  *Id.* at 5.  The Court further concluded that Navarro's "error rate" in identifying Presidential records in his own searches was "likely 'unacceptably high.'"  *Id.* (quoting *Meeropol v. Meese*, 790 F.2d 942, 960 (D.C. Cir. 1986)).

To effectuate its judgment requiring Navarro to return all Presidential records to the United States, the Court therefore referred this case to Magistrate Judge G. Michael Harvey "to conduct

an *in camera* review of the documents in [Navarro's] possession, custody, or control that may be Presidential records . . . and to issue a Report and Recommendation recommending a disposition as to those records pursuant to LCvR 72.3(a)." Order, ECF No. 43, at 1. To facilitate that review, the Court ordered Navarro to "lodge with the Chambers of Magistrate Judge Harvey all documents that prior searches have identified as potential Presidential records," with specific labels to help identify each document. *Id.* Finally, the Court ordered that "Magistrate Judge Harvey shall have the authority to conduct any proceedings and issue any orders as may be appropriate to aid in consideration of the issues before him, including but not limited to ordering discovery as authorized by the Federal Rules of Civil Procedure, taking testimony under oath, requiring additional briefing, and scheduling." *Id.* at 2.

In accordance with the Court's Order, Magistrate Judge Harvey has begun reviewing a set of 1,838 documents sent from or received by one of Navarro's personal email accounts during his tenure at the White House. *See* Rep. at 3–4. Subtracting documents that Navarro had already produced to the United States and documents that this Court concluded were Presidential records during its review of a 50-email sample, Magistrate Judge Harvey identified a total of 892 documents requiring review. *Id.* Based on his review, Magistrate Judge Harvey now recommends finding that 538 of these documents are not Presidential records. *Id.* at 4–11. Magistrate Judge Harvey stated that he intends to address the remaining 354 documents in a separate Report and Recommendation after further proceedings. *See* Order, ECF No. 53.

Navarro then filed timely Objection to Magistrate Judge Harvey's First Report and Recommendation. *See* Objs., ECF No. 54. In his Objections, Navarro contests the validity of Magistrate Judge Harvey's "referral by the district court to handle post-judgment proceedings in this matter" and argues that Magistrate Judge Harvey lacks jurisdiction in this case. *Id.* at

4

## II. ANALYSIS

Navarro argues that this Court's referral to Magistrate Judge Harvey was improper and that Magistrate Judge Harvey "lacks the jurisdiction necessary to issue a report and recommendation in this case" because post-judgment proceedings in aid of the enforcement of a civil judgment are not among the matters specified in the Local Rule that the Court cited in its initial referral. *See* Objs. at 2–3; Order, ECF No. 43, at 1 (citing LCvR 72.3(a)). That Rule provides, in relevant part:

> At the request of the district judge to whom the case is assigned, a magistrate judge may conduct hearings, including evidentiary hearings, and submit to the district judge proposed findings of fact and recommendations for the disposition of:
>
> (1)   Prisoner petitions challenging conditions of confinement.
>
> (2)   Motions for injunctive relief (including temporary restraining orders and preliminary injunctions);
>
> (3)   Motions for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or otherwise to dismiss an action involuntarily;
>
> (4)   Motions to set aside default judgments;
>
> (5)   Petitions for judicial review of administrative determinations; . . .
>
> (6)   Petitions for civil commitment arising under Title III of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. § 4251, et seq.[; and]
>
> (7)   Motions for attorney fees.

LCvR 72.3(a); *see also* Fed. R. Civ. P. 72(b) (providing report and recommendation procedure for "a pretrial matter dispositive of a claim or defense or a prisoner petition challenging conditions of confinement"). Ultimately, however, the power and jurisdiction of magistrate judges to accept referrals and issue reports and recommendations arises not from this Local Rule, but from statute. *See* 28 U.S.C. § 636(b); *Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 362 F.3d 810, 815 n.6 (D.C. Cir. 2004) (noting that LCvR 72.3(a) "sets out . . . those matters a district court may refer to a magistrate judge for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72"). The relevant statute provides that a district judge may refer any of the following to a magistrate judge for "proposed findings of fact and recommendations":

- "[A] motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action,"

- an "application[] for post[-]trial relief made by individuals convicted of criminal offenses," or

- a "prisoner petition[] challenging conditions of confinement."

*See* 28 U.S.C. § 636(b)(1)(A)–(B).  The statute also provides that a district judge "may designate a magistrate judge to hear and determine" other "pretrial matter[s] pending before the court" without issuing a report and recommendation for the district court to review.  *See* 28 U.S.C. § 636(b)(1)(A).

Navarro correctly notes that the specific post-judgment issue on which the Court directed Magistrate Judge Harvey to issue a report and recommendation—the appropriate disposition of the records at issue under the PRA—is not among the topics enumerated in this part of the statute. *See* Objs. at 2–3; Order, ECF No. 43.  Because "a jurisdictional statute . . . must be construed both with precision and with fidelity to the terms by which Congress has expressed its wishes," the Court agrees with Navarro that this mismatch between the topic of the initial referral and the language of the jurisdictional statute underlying the specific Local Rule that the Court cited amounts to a jurisdictional defect in the original referral.  *See Cheng Fan Kwok v. I.N.S.*, 392 U.S. 206, 212 (1968).  Accordingly, the Court shall sustain Navarro's Objections and terminate the original referral.

However, to avoid further delay in this already protracted case, the Court will simultaneously assign this matter back to Magistrate Judge Harvey under the "additional duties" clause of 18 U.S.C. § 636(b)(3), which provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," and

Local Rule 72.1(b)(7), which provides essentially the same authority.  *See* LCvR 72.1(b)(7) (providing that, "[a]t the request of the district judge to whom the case is assigned," a magistrate judge has "the duty and power to . . . [p]erform any additional duty not inconsistent with the Constitution and laws of the United States.").

As Navarro acknowledges, *see* Objs. at 3–4, other courts have concluded that this "additional duties" clause allows referrals to magistrates for post-judgment proceedings such as post-judgment discovery or damages calculations.  *See, e.g.*, *Dist. Title v. Warren*, 265 F. Supp. 3d 17, 20 n.3 (D.D.C. 2017) (ABJ) (discovery); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995) (discovery); *Interstate Fire & Cas. Co. v. Washington Hosp. Ctr. Corp.*, 917 F. Supp. 2d 87, 89 (D.D.C. 2013) (ABJ) (damages), *aff'd*, 758 F.3d 378 (D.C. Cir. 2014); *Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999) (damages); *see also Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) ("[A] district court may refer post-judgment matters to a magistrate judge under the 'additional duties' provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making.").

Navarro correctly notes that it appears to be an open question in this Circuit whether the broad grant of authority in the "additional duties" clause of 18 U.S.C. § 636(b)(3) allows a magistrate judge to conduct proceedings and issue a report and recommendation to the district court regarding post-judgment disputes.  *See* Objs. at 4.  This Court concludes, as at least one other court in this District and several in other Circuits have done, that magistrate judges do have this power.  *See Dist. Title*, 265 F. Supp. 3d at 20 n.3; *see also, e.g.*, *LeGrand*, 43 F.3d at 168; *Callier v. Gray*, 167 F.3d at 983; *Gaiters*, 226 F. App'x at 829.  Because proceedings in aid of a civil judgment, like those at issue here, are "matters comparable in importance to those section 636(b)(1) authorizes a magistrate judge to address before trial" and an assignment of such

proceedings is "'entirely consistent with a magistrate's other duties,'" the Court concludes that ordering Magistrate Judge Harvey to conduct these proceedings under the "additional duties" clause is proper. *See* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3068.1 (3d ed.) (West 2024) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991)) (collecting cases).

In sum, the Court concludes that although the Local Rule it cited in its initial referral did not confer jurisdiction on Magistrate Judge Harvey to issue a report and recommendation, other authorities empower the Court to assign to Magistrate Judge Harvey substantially the same duties as the Court assigned in its previous referral. The Court shall therefore reassign these duties to Magistrate Judge Harvey pursuant to those authorities. The Court shall also establish a procedure for the parties to raise objections to Magistrate Judge Harvey's recommendations.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **SUSTAINS** Navarro's Objections to Magistrate Judge Harvey's First Report and Recommendation. The Court's previous referral to Magistrate Judge Harvey, dated April 9, 2024, is **TERMINATED**.

In place of that referral, the Court **ORDERS**, pursuant to Local Rule of Civil Procedure 72.1(b)(7) and 18 U.S.C. § 636(b)(3), that Magistrate Judge Harvey shall conduct an *in camera* review of the documents that Navarro has produced to his Chambers and issue one or more reports to the Court recommending findings of fact and conclusions of law regarding whether each of those documents is a Presidential record as that term is defined by the Presidential Records Act, 44 U.S.C. §§ 2201–2209. Consistent with this Order, Magistrate Judge Harvey shall review his initial Report, make any modifications he deems appropriate, and resubmit the Report to the Court pursuant his authority under this Order. Because the source of Magistrate Judge Harvey's jurisdiction to issue recommendations to this Court does not affect the substantive standards he

must apply when reviewing the documents at issue to develop those recommendations, Magistrate Judge Harvey is not required to re-review any individual documents produced by Navarro that he has already reviewed in response to the Court's initial referral.

The Court further **ORDERS** that the parties shall file any objections to Magistrate Judge Harvey's proposed findings of fact and conclusions of law no later than 14 days after being served with a copy thereof.  *Cf.* LCvR 72.3(b).  The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.  *Cf. id.*  Each party shall file any memorandum in opposition to an opposing party's objection no later than 14 days after being served with a copy thereof.  *Cf.* LCvR 7(b).  If no opposition is filed, the Court may treat the objection as conceded.  *Cf. id.*  Each party shall file any reply in support of that party's objection no later than 7 days after being served with a copy of the opposing party's memorandum in opposition.  *Cf.* LCvR 7(d).  The Court shall review *de novo* those portions of Magistrate Judge Harvey's recommended findings of fact and conclusions of law to which the parties raise timely objections consistent with this Order.  *Cf.* LCvR 72.3(c).

The Court further **ORDERS** that Magistrate Judge Harvey shall continue to have the authority to conduct any proceedings and issue such orders as may be appropriate to aid in his consideration of the issues before him, including but not limited to ordering discovery as authorized by the Federal Rules of Civil Procedure, taking testimony under oath, requiring additional briefing, and scheduling.  *See* 18 U.S.C. § 636(b)(3); LCvR 72.1(b)(7).


**SO ORDERED.**

**Dated:**  November 25, 2024                            ___/s/_____
                                                                              COLLEEN KOLLAR-KOTELLY
                                                                              United States District Judge