## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:22-cv-02292-CKK/GMH |
| | ) The Honorable Colleen Kollar-Kotelly |
| | ) The Honorable Magistrate Judge G. Michael Harvey |
| v. | ) |
| | ) |
| PETER K. NAVARRO, | ) |
| | ) |
| Defendant. | |

## DEFENDANT PETER K. NAVARRO'S *IN CAMERA*, *EX PARTE* SUBMISSION REGARDING CATEGORY ONE DOCUMENTS

Defendant Dr. Peter K. Navarro, through his undersigned counsel, respectfully submits this filing pursuant to the schedule dictated in the status report filed by Plaintiff, the United States of America, and the Court's November 18, 2024, Minute Order.  *See* Status Report (Nov. 17, 2024) (ECF No. 057).  *See also* Minute Order (Nov. 18, 2024).

### I.     Review of Category One Documents

On November 26, 2024, the government submitted a declaration outlining the parameters of the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201-2209.  *See* Declaration (Nov. 22, 2024) (ECF No. 058).  Upon receiving that declaration, the Court filed a Minute Order stating that the Defendant was to provide, "sufficient information, in light of the government's explication of the reach of the Presidential Records Act, to determine that the document at issue (1) was not "created or received . . . in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President" and/or (2) falls into one of the enumerated exceptions.  44 U.S.C. s. 2201(2), (3)."  *Minute Order* (Nov. 25, 2024).

a.  *Category One Documents That Dr. Navarro Now Concedes are Presidential Records*

Based upon a review of the government's submission and a review of emails that have already been produced to the government as Presidential records, Dr. Navarro now concedes that six total documents which fall into Category One are Presidential records and will be produced to the government.  These documents are:

| | |
|---|---|
| GMH_Review_00005574; | GMH_Review_00008581; |
| GMH_Review_00005882; | GMH_Review_00008583; |
| GMH_Review_00008537; | GMH_Review_00008675. |

b.  *Category One Documents That Were Contemporaneously Sent to or Sent from Official White House Email Accounts*

Ten documents identified as Category One were contemporaneously sent to or sent from an official White House Electronic Mail Account.  Pursuant to the PRA, any statutory obligation Dr. Navarro may have had over the document has already been satisfied.  *See* 44 U.S.C. § 2209(a)(1), (2) ("[A] covered employee may not create or send a Presidential or Vice Presidential record using a non-official electronic message account unless the . . . covered employee – (1) copies an official electronic messaging account . . . or (2) forwards a complete copy of the Presidential . . . record to an official electronic messaging account of the President, Vice President, or covered employee[.]").  Though the government did not specifically address this point in their declaration, a plain reading of the statute would dictate that a covered employee's statutory duties are satisfied where a Presidential record is sent to or sent from any electronic mail account with an "eop.who.gov" domain.  The documents which fall under this category are:

| | | |
|---|---|---|
| GMH_Review_00005469; | GMH_Review_00005470; | GMH_Review_00005871; |
| GMH_Review_00005873; | GMH_Review_00005941; | GMH_Review_00005942; |

GMH_Review_00005943;        GMH_Review_00005944;        GMH_Review_00005945;

GMH_Review_00007474.

Further, one document identified as Category One is a long email chain, and all but the

final message in that chain were sent to or sent from official White House email accounts.  As will

be discussed below, Dr. Navarro contends that this final email in the chain is not a Presidential

record, and the "segregable portions" of the email which are arguably Presidential records were

sent to or sent from an official White House email and thus his statutory duties over the document

have been satisfied.  This document is GMH_Review_00005828.

   c.  *Category One Document Which was Created After Dr. Navarro Had Left the*
       *White House*

One document was created on January 20, 2021, at 2:47 PM Eastern Standard Time.  On

January 20, 2021, at 12:00 PM Eastern Standard Time, Joseph R. Biden Jr. was inaugurated as the

46th President of the United States of America, and Dr. Navarro's tenure as a covered employee

had already ceased.[1]  See 44 U.S.C. 2209(c)(1)(A), (C) (defining "covered employee" under the

PRA as either "the immediate staff of the President" or "a unit or individual of the Executive Office

of the President whose function is to advise and assist the President[.]").  Therefore, this document

is not a Presidential record and its inclusion in the original search was erroneous.  This document

is GMH_Review_00005385.

   d.  *Category One Documents That are not Presidential Records*

Five of the documents in this Category are emails between Dr. Navarro and Dr. Steven

Hatfill, an unofficial White House staffer who assisted Dr. Navarro in COVID response.  Other

---

[1] *See e.g.* Morgan Gstaler, *Schedule of Biden-Harris Inauguration Day: Timeline of events and how to watch*, THE
HILL, https://thehill.com/homenews/administration/534962-schedule-of-biden-harris-inauguration-day-timelines-of-
events-and-how/ (Jan. 20, 2021) ("Noon – Biden is sworn in as the 46th president of the United States at noon. . .
Trump's term officially ends.").

than the record which Dr. Navarro now concedes is a Presidential record, many of these documents are Dr. Hatfill offering his opinion on public figures (specifically, then-FDA Commissioner Stephen Hahn, Dr. Anthony Fauci, and then-likely FDA Commissioner nominee Janet Woodcock) rather than discussing steps to be taken as part of the Trump Administration's response to the COVID pandemic. Given that Dr. Hatfill's communications are simply his own opinions on these public matters, Dr. Navarro contends that these documents are not Presidential records as they were not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." These documents are: GMH_Review_00005450; GMH_Review_00006735; GMH_Review_00006988; GMH_Review_00006989; GMH_Review_00007075.

One document is an email from Dr. Hatfill to Dr. Navarro which Dr. Navarro does not recall the context of. Dr. Hatfill stated "Good to go --- he Confirmed" and the email subject line only contains "Harvey" in it. Dr. Navarro cannot recall the context of this conversation, but would contend that it was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is: GMH_Review_00005575.

Six documents are emails sent either to or from Stephen K. Bannon, a private citizen, political commentator, and former member of the Trump Administration. Many of these documents feature nothing more than links to Twitter posts which are now deleted. Others on their face are unclear as to what they are reference, and Dr. Navarro is now unable to recall what he was discussing with Mr. Bannon. However, given Mr. Bannon's status as a private citizen and given the documents on their face do not reflect anything to suggest that they were, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the

constitutional statutory, or other official or ceremonial duties of the President[,]" Dr. Navarro contends that these documents are not Presidential records. These documents are: GMH_Review_00005567; GMH_Review_00005601; GMH_Review_00005602; GMH_Review_00006787; GMH_Review_00006855; GMH_Review_00007248.

Two documents are emails sent to Stephen K. Bannon within which the subject of the email is clear. In one email, Dr. Navarro sent Mr. Bannon an article discussing Dr. Navarro's positions on China. In another email, Dr. Navarro shared with Mr. Bannon an article which noted that President Trump was critical of an Op Ed that Dr. Navarro published where he was highly critical of Dr. Anthony Fauci. Although these articles discuss Dr. Navarro's position or an Op Ed published by Dr. Navarro, the contents were not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President."[2] Therefore, Dr. Navarro contends this document is not a Presidential record. These documents are: GMH_Review_00007086; GMH_Review_00008580.

One document is an email that Dr. Navaro was CC'd on the end of in which an assistant who occasionally helped him schedule public appearances was trying to schedule him for a radio show appearance. On its face, this email simply are two non-White House officials exchanging their phone numbers, and not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." Further, and as discussed herein, the rest of this email chain

---

[2] The article shared in GMH_Review_00007086 notes that the Trump White House's official stance on the Op Ed was that it, "didn't go through normal White House clearance processes and is the opinion of Peter alone." Bob Fredericks, *Trump rips Navarro's Critique on Dr. Fauci: 'He shouldn't be doing that'*, NEW YORK POST, https://nypost.com/2020/07/15/trump-on-navarro-slamming-dr-fauci-he-shouldnt-be-doing-that/ (last updated July 15, 2020).

was either sent to or sent from official White House email accounts. This document is: GMH_Review_00005828.

One document is an email that Dr. Navarro sent to a commentator and producer at Fox News. The email contained a link to a now-deleted Tweet. The subject line makes clear that Dr. Navarro was sending an excerpt of Steve Bannon's show for, "prep for your show tomorrow." Given that Dr. Navarro was sharing a video by a non-White House official, Dr. Navarro contends it was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is: GMH_Review_000005589.

One document is an email Dr. Navarro received as part of an email newsletter from Benjamin Weingarten, a member of the Claremont Institute. While acknowledging that the contents of the document related to then-President Trump's performance in the 2020 debate, Dr. Navarro contends that this email was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is: GMH_Review_00006640.

One document contains emails between Dr. Navarro and John R. Lott, an economist and political commentator. To Dr. Navarro's recollection, Mr. Lott was seeking to use Dr. Navarro's press connections to get Mr. Lott's Op Ed published. Given that Dr. Navarro's position in the White House was not press-related, the document was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is: GMH_Review_00005706.

One document is an email to Dr. Navarro's brother Brad after Brad had been contacted with an unsolicited message trying to reach Dr. Navarro. Therefore, this document was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is: GMH_Review_00008058.

One document Dr. Navarro tried to send to Kevin Hassett, who was in the Trump administration as an economist. Dr. Navarro copied the wrong email for an economist in the Trump administration, as Dr. Navarro misspelled "protonmail" in the domain. Therefore, it is unclear if the message was, "created or sent" pursuant to the statute because the email was sent to a non-existent account. Regardless, the message was simply a link to a now-deleted entry in the New England Journal of Medicine, and Dr. Navarro cannot recall what was sent. Therefore, Dr. Navarro contends that this document was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is: GMH_Review_00008209.

One document is Dr. Navarro seeking the phone number of Nick Ayers, who was at one point the Chief of Staff to Vice President Pence. At the time Dr. Navarro was trying to contact him, Mr. Ayers was no longer a member of Vice President Pence's staff, and Dr. Navarro does not recall why he was trying to contact Mr. Ayers and the body of the email does not provide any context for the creation. Therefore, Dr. Navarro contends that this document was not, "created or sent . . . in the course of conducting activities which relate to or have an effect upon carrying out of the constitutional statutory, or other official or ceremonial duties of the President." This document is GMH_Review_00008509.

## II.    Notice Regarding Representations Made by the Government in the November 17, 2024 Filing

Briefly, Dr. Navarro wishes to clarify that, despite the government's claim to the contrary, counsel for Dr. Navarro and counsel the government did confer prior to the November 15, 2024, Deadline.  Further, because the terms of the status report reflect the terms that counsel for Dr. Navarro himself proposed, this filing is also intended to clarify that Dr. Navarro had no objections to anything contained in the November 15, 2024, Status Report that the Court has adopted.

On November 13, 2024, the government emailed the following proposal to counsel for Dr. Navarro:

> As you know, the Court has ordered the parties to meet and confer regarding how to proceed with respect to certain documents set forth in the Court's October 11, 2024 Order; specifically, Category 1 ('documents which appear to be communications with others on various issues within Navarro's White House portfolio') (ECF 53 at 3) and Category 2 ('emails and attachments Navarro sent to himself that relate to public policy issues, the White House, or White House personnel. . . . [m]any of [which] appear to be the equivalent of journal or diary entries recounting the events of Navarro's day and his thoughts on the same') (ECF 53 at 4).
>
> As you know, NARA is at a disadvantage in terms of evaluating these documents because it has never seen them.  Having said that, and in the interest of narrowing this litigation, and in view of the Court's comments during the November 1 hearing on the same, NARA proposes the following:
>
> The parties agree that Category 1 documents above shall be provided to NARA as likely 'Presidential Records,' while the documents in Category 2 shall not be provided to NARA as they are likely not 'Presidential Records' within the meaning of the PRA.
>
> The parties need not take a position at this time on Category 3 documents, as the Court expressly reserved that issue and has not asked for the parties' views as to that subset of documents.
>
> If your client is amenable to this proposal, we can draft a JSR for your review to this effect.

In view of Friday's filing deadline, please let me know by noon tomorrow (Thursday) if this is acceptable to your client.

On November 14, 2024 at 11:43 AM, counsel for Dr. Navarro responded:

Lee – Magistrate Judge Harvey was very clear that we need not provide any records to DOJ / NARA before a determination is made by him as to whether they are Presidential Records or not.

Judge Harvey was also very clear that he thought having DOJ / NARA brief their position on when a journal constitutes a presidential record as well as when correspondence becomes official (categories 1 and 2, respectively) would be beneficial to the court in making that determination.

Finally, Judge Harvey suggested that Dr. Navarro could provide additional evidence, whether through an [sic] declaration, affidavit, or some other reliable means to assist in a determination of why a particular record is personal or Presidential.

Accordingly, our proposal is that DOJ / NARA set a time within which you will provide guidance in writing as to the above two questions. Thereafter, we can set a deadline by which Dr. Navarro may provide additional evidence concerning specific documents, should he wish to do so. If that approach is acceptable to you all, please let us know by when you can provide your guidance to the Court.

The government then provided counsel for Dr. Navarro a proposed draft joint status report at 2:50 PM on November 15, 2024, which reflected Dr. Navarro's November 14, 2024 proposal. At that time, the government told counsel for Dr. Navarro for the first time that counsel for Dr. Navarro would need to file the status report on behalf of the parties. However, both lead counsel for Dr. Navarro and the associate attorney assigned to represent Dr. Navarro were in transit at that point and would not have access to a computer until after the end of November 15, 2024.

Therefore, although there was a miscommunication as to which party would file the status report itself which led to the filing being filed after the Court's deadline, Dr. Navarro did in fact

confer with counsel for the government prior to the deadline for the parties to confer, and the status report filed did in fact reflect proposals made by Dr. Navarro.

Dated: December 6, 2024                      Respectfully submitted,

                                 */s/ Stanley E. Woodward, Jr.*
                          Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                          Stan M. Brand (D.C. Bar No. 213082)
                          BRAND WOODWARD LAW, LP
                          400 Fifth Street, Northwest, Suite 350
                          Washington, DC  20001
                          202-996-7447 (telephone)
                          202-996-0113 (facsimile)
                          Stanley@BrandWoodwardLaw.com

                          *Counsel for Defendant Dr. Peter K. Navarro*

## CERTIFICATE OF SERVICE

On December 6, 2024, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically filed via the CM/ECF system.  Because it is an *in camera*, *ex parte*

filing, it will not be provided to counsel for the Plaintiff at this time.


/s/ Stanley E. Woodward, Jr.

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com