IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Case No. 1:22-cv-02292-CKK/GMH |
| **Plaintiff,** | ) The Honorable Colleen Kollar-Kotelly |
| | ) The Honorable Magistrate Judge G. Michael Harvey |
| v. | ) |
| | ) |
| **PETER K. NAVARRO,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT PETER K. NAVARRO'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.3(b), Defendant Peter K. Navarro, through his undersigned counsel, respectfully submits the following objections to the November 25, 2024, Amended Report and Recommendation (ECF No. 060) ("the Report") in the above-captioned case issued by the Honorable United States Magistrate Judge G. Michael Harvey.[1] Dr. Navarro respectfully objects to Magistrate Judge Harvey's jurisdiction in this matter.[2]

### I.  Standard of Review

A district court reviews *de novo* the portions of a magistrate judge's recommendation to which any party properly and timely objects. *See e.g. Hammons v. Islamic Republic of Iran*, 2023

---

[1] Concurrent with the initial Report and Recommendation, Magistrate Judge Harvey also issued an Order convening a hearing for November 1, 2024. *See* Order (Oct. 11, 2024) (ECF No. 053). The proceedings meant to assist Magistrate Judge Harvey in preparing a separate final report and recommendation on the documents over which Magistrate Judge Harvey could not make a determination are still ongoing. *See id.*, at 2 ("As for the remaining 354 documents, the undersigned will require additional proceedings before making a recommendation to the Court."). Given that Magistrate Judge Harvey's Amended Report and Recommendation does not cover the analysis contained in his Order convening a hearing and given that Magistrate Judge Harvey's Order signified that he intends to file a separate Report and Recommendation for the remaining documents, Dr. Navarro does not yet address the analysis contained in the Order (ECF No. 053).

[2] Dr. Navarro respectfully raises this objection solely to preserve the issue of Magistrate Judge Harvey's jurisdiction for a potential appeal. *See e.g.* LCvR 72.3(b) ("Failure to file timely objections may waive appellate review of a District Court order adopting the magistrate judge's report.").

U.S. Dist. LEXIS 170713, at *13 (D.D.C. Sept. 25, 2023) (citing 28 U.S.C. § 636(b)(1)) (also citing Fed. R. Civ. P. 72(b)(3)).  The district court can, "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge, or may recommit the matter to the magistrate judge with instructions."  LCvR 72.3(c).

**II.    Argument**

28 U.S.C. § 636 defines, *inter alia*, the jurisdiction and powers of a federal magistrate judge.  This statute states that a district court judge can assign to a magistrate judge, "additional duties as are not inconsistent with the Constitution and the laws of the United States."  28 U.S.C. § 636(b)(3).  Whether post-judgment proceedings fall under the "additional duties" clause appears to be an open question.  *See Dist. Title v. Warren*, 265 F. Supp. 3d 17, 20 n.3 (D.D.C. 2017) ("[I]t appears to be a matter of first impression in this jurisdiction whether a Magistrate Judge has the power to resolve post judgment discovery issues.").  In this case, this Court has also acknowledged that the jurisdiction of a magistrate judge to oversee post-judgment matters appears to be an open question.  *See* Amended Memorandum Opinion and Order, at 7 (Nov. 25, 2024) (ECF No. 061).  In another case, District Court Judge Berman-Jackson highlighted the importance that, "post judgment discovery is comparable in importance to the management of pretrial discovery", noting:

> Leading commenters have concluded that the Supreme Court's jurisprudence on the power of Magistrate Judges '[c]ertainly . . . can reach the assignment under section 636(b)(3) of posttrial matters comparable in importance to those section 636(b)(1) authorizes a magistrate judge to address before trial.' 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3068.1 (2d ed. 1995); 14 *Moore's Federal Practice* § 72.02 (Matthew Bender 3d ed.) ('Discovery is a non[-]dispositive pretrial matter that may be referred for disposition to a magistrate judge. Post[-]judgment discovery in collection proceedings may also be referred to a magistrate judge.').

*Dist. Title v. Warren*, 265 F. Supp. 3d 17, 20 n.3 (D.D.C. 2017).

Although Judge Berman-Jackson's analysis is insightful, it must be noted that in this case Magistrate Judge Harvey is not tasked with simply overseeing non-dispositive post-judgment discovery proceedings. Judge Harvey has been tasked with, "recommending a disposition as to [documents in Defendant's possession, custody, or control that may be Presidential records]." *See* Order, at 1 (Apr. 9, 2024) (ECF No. 043). *See also* Amended Memorandum Opinion and Order, at 2 (Nov. 25, 2024) (ECF No. 061) (noting that even though the Court sustained Dr. Navarro's objections to Magistrate Judge Harvey's initial assignment, Magistrate Judge Harvey has been reassigned, "substantially the same duties . . . as the Court assigned in its previous referral."). As the District Court here has noted, one other court in this Circuit and other Circuits have used the "additional duties" clause to refer post-judgment proceedings to a magistrate. However, and as this Court acknowledges, magistrates in those other cases have been assigned to oversee post-judgment, "discovery or damage calculations." *See* Amended Memorandum Opinion and Order, at 7 (Nov. 25, 2024) (ECF No. 061).

The Supreme Court has held that the "additional duties" clause has limits and must be read to authorize the assignment of additional duties that are, "performed pursuant to a general authorization in the statute [and] reasonably should bear some relation to the specified duties." *Gomez v. United States*, 490 U.S. 858, 864 (1989). The Fifth Circuit Court of Appeals has acknowledged that the Supreme Court's holding in *Gomez* does not bar a magistrate judge from overseeing post-judgment discovery. *See e.g. FDIC v. LeGrand*, 43 F.3d 163, 167 (5th Cir. 1995). However, the Court in *LeGrand* explicitly noted the importance to its analysis that the magistrate judge in that case had been assigned to oversee, "a non[-]dispositive post[-]judgment discovery motion in a collection proceeding[.]" *Id.* Here, Magistrate Judge Harvey has been assigned to essentially rule on the issue that will ultimately decide the result of proceedings before the District

Court in this matter.[3]  Thus, Magistrate Judge Harvey's assignment is more akin to deciding a "critical" issue like *voir dire* rather than simply overseeing a "non[-]dispositive" motion and related procedural matters.

Dated: December 13, 2024

Respectfully submitted,

*/s/ Mark P. Nobile*
Mark P. Nobile (D.C. Bar No. 1780761)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Stan M. Brand (D.C. Bar No. 213082)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com
Mark@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*

---

[3] The Supreme Court in *Gomez* also noted a concern that a District Court judge likely would not be able to meaningfully review a magistrate's oversight of the *voir dire* process. *Gomez*, 490 U.S. at 874-75.  The Supreme Court specifically noted that the only way the necessary oversight could be possible would require the district judge to take steps resulting in, "the time consumed by such review . . . negat[ing the] time initially saved by the delegation." *Id.* at 875 n.29 (citing *United States v. Ford*, 824 F.2d 1430, 1437 (2d Cir. 1987) (en banc), *cert denied*, 484 U.S. 1034 (1988)).  This practical issue likely exists here as well, as if this Court wished to review the rulings of Magistrate Judge Harvey, this Court would need to re-review, at the very least, the eight hundred and ninety-two (892) records that Magistrate Judge Harvey identified as not having been either already produced to the government or already reviewed by this Court.  *See e.g.* Amended Report and Recommendation, at 4.

## **CERTIFICATE OF SERVICE**

On December 13, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

           */s/ Mark P. Nobile*
           Mark P. Nobile (D.C. Bar No. 1780761)
           BRAND WOODWARD LAW, LP
           400 Fifth Street, Northwest, Suite 350
           Washington, DC  20001
           202-996-7447 (telephone)
           202-996-0113 (facsimile)
           Mark@BrandWoodwardLaw.com