UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>–v.–<br><br>PETER K. NAVARRO,<br><br>*Defendant*. | Case No. 1:22-cv-2292 |

**RESPONSE TO OBJECTION**

In conformance with the Court's Minute Order dated December 12, 2024, Plaintiff United States of America hereby responds to Defendant Peter K. Navarro's ("Defendant")'s Objection to Magistrate Judge G. Michael Harvey's Report and Recommendations (Dkt. No. 64). Defendant avers that the District Court's referral dated November 25, 2024 was improper, and objects to Magistrate Judge Harvey's jurisdiction over post-judgment proceedings. For the reasons set forth below, Defendant's Objection is unfounded.

By Order dated November 25, 2024, the District Court terminated its prior referral of this matter to Magistrate Judge Harvey based on its determination that there was "a jurisdictional defect in the Court's original referral to Magistrate Judge Harvey [because] [t]hat referral rested on a Local Rule of Civil Procedure that is not applicable in the current posture of this case." Dkt. No. 61 at 1. However, the District Court simultaneously "exercise[d] its authority under the relevant Local Rule and statutory provision to reassign substantially the same duties to Magistrate Judge Harvey as the Court assigned in its previous referral." *Id.* at 2. Specifically, the District Court re-referred the matter to Magistrate Judge Harvey "under the 'additional duties' clause of 28 U.S.C. § 636(b)(3), which provides that '[a] magistrate judge may be assigned such additional duties as are not inconsistent with

1

the Constitution and laws of the United States,' and Local Rule 72.1(b)(7), which provides essentially the same authority." *Id.* at 6-7. It is that second referral that Defendant challenges here.

As the District Court correctly observed, and as Defendant has conceded, other courts have concluded that this "additional duties" clause allows referrals to magistrates for post-judgment proceedings such as post-judgment discovery or damages calculations. *See* Dkt. No. 61 at 7 (collecting cases). The District Court further reasoned that:

> Because proceedings in aid of a civil judgment, like those at issue here, are "matters comparable in importance to those section 636(b)(1) authorizes a magistrate judge to address before trial" and an assignment of such proceedings is "'entirely consistent with a magistrate's other duties,'" the Court concludes that ordering Magistrate Judge Harvey to conduct these proceedings under the "additional duties" clause is proper. *See* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3068.1 (3d ed.) (West 2024) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991)) (collecting cases).

*Id.* at 8.

Defendant argues that the referral here is qualitatively different from a post-judgment discovery or damages calculation, analogizing it to the *voir dire* process. *See* Dkt. No. 63 at 4. He bases this argument on the notion that "Magistrate Judge Harvey has been assigned to essentially rule on the issue that will ultimately decide the result of proceedings before the District Court in this matter." *Id.* at 3-4. This argument is specious. This Court entered judgment in favor of Plaintiff in this replevin action on March 9, 2023, determining that Defendant wrongfully retained Presidential records which are the property of the United States. Dkt. No. 15. The proceedings since then have centered on enforcement of that judgment, and questions have arisen as to the sufficiency of the Defendant's compliance; namely, whether Defendant has adequately identified all of the wrongfully retained documents in his possession and returned them to the custody of the National Archives. When the Court entered judgment for Plaintiff, this was the equivalent of a liability determination, and Magistrate Judge Harvey's report and recommendations on the remaining records in question is the equivalent

2

of a damages calculation, because it determines the extent, and not the fact, of liability. Stated otherwise, there is no open question in these proceedings that Defendant wrongfully retained the property of the United States. Magistrate Judge Harvey's sole role is to advise the District Court regarding the scope of the property that must be returned, like a damages calculation.

Moreover, although Defendant contends that the District Court here "likely would not be able to meaningfully review a magistrate judge's oversight," he never explains why. *Id.* at n.3. Defendant's contention is belied by the District Court's referral order, which expressly contemplates District Court review of the Magistrate Judge's recommendations. *See* Dkt No. 61 at 8 ("The Court shall also establish a procedure for the parties to raise objections to Magistrate Judge Harvey's recommendations."). Defendant furthermore concedes that District Court oversight and review *is* feasible. *See id.* ("[I]f this Court wished to review the rulings of Magistrate Judge Harvey, this Court would need to re-review, at the very least, the eight hundred and ninety-two (892) records that Magistrate Judge Harvey identified as not have been either already produced to the government or already reviewed by this Court."). Nothing in either the District Court's referral or its contemplated review process is even unusual, let alone inconsistent with the broad 'additional duties' that 28 U.S.C. § 636(b)(3) or the parallel Local Civil Rule 72.1(b)(7) authorize.

For the foregoing reasons, Defendant's Objections to Magistrate Judge Harvey's jurisdiction should be overruled.

Dated: December 20, 2024                                              Respectfully submitted,

                                                                      BRIAN M. BOYNTON
                                                                      Principal Deputy Assistant Attorney
                                                                      General

                                                                      BRIAN D. NETTER
                                                                      Deputy Assistant Attorney General

                ELIZABETH J. SHAPIRO
                Deputy Branch Director
                Federal Programs Branch

                  /s/ *C. Lee Reeves*
                LEE REEVES
                Trial Attorney
                U.S. Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street NW
                Washington, DC 20005
                Tel: (202) 616-0773
                Email: lee.reeves2@usdoj.gov

                *Counsel for Plaintiff*