IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:22-cv-02292-CKK/GMH |
| **Plaintiff,** ) | The Honorable Colleen Kollar-Kotelly |
| ) | The Honorable Magistrate Judge G. Michael Harvey |
| v. ) | |
| **PETER K. NAVARRO,** ) | |
| **Defendant.** ) | |

**DEFENDANT PETER K. NAVARRO'S REPLY IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATIONS**

Pursuant to this Court's December 12, 2024, Minute Order, Defendant Peter K. Navarro submits this reply in support of his initial Objections to Magistrate Judge Harvey's Amended Findings and Recommendations (Nov. 25, 2024) (ECF No. 060). Respectfully, Dr. Navarro maintains his objection to the jurisdiction of Magistrate Judge Harvey to rule upon the ultimate issue in this case of what is and what is not a Presidential record as defined under the Presidential Records Act. As this Court has acknowledged, "jurisdictional statute[s] . . . must be construed with precision and with fidelity to the terms by which Congress has expressed its wishes[.]". Amended Memorandum Opinion and Order, at 6 (Nov. 25, 2024) (ECF No. 061) (quoting *Cheng Fan Kwok v. I.N.S.*, 392 U.S. 206, 212 (1968)). Further, this Court has acknowledged the ultimate concern raised in Dr. Navarro's arguments, acknowledging that there appears to be an open question in this Circuit as to whether the "additional duties" clause of 18 U.S.C. § 636(b)(3), "allows a magistrate judge to conduct proceedings and issue a report and recommendation to the district court regarding post-judgment disputes." Amended Memorandum Opinion and Order, at 7 (Nov. 25, 2024) (ECF No. 061). Ultimately, Magistrate Judge Harvey's assignment is not to

simply address post-judgment discovery or damages calculations, but rather is to interpret the scope of the Presidential Records Act and make the rulings that would dispose of this matter before the District Court. *See e.g.* Order, at 1 (April 9, 2024) (ECF No. 042) ("[T]he Court shall refer this matter to Magistrate Judge G. Michael Harvey to conduct an *in camera* review of the documents [at issue] that may be Presidential records as that term is defined by. . . 44 U.S.C. §§ 2201 et seq., and to issue a Report & Recommendation recommending a disposition as to those records."). *See also* Amended Memorandum Opinion and Order, at 8 (Nov. 25, 2024) (ECF No. 061) ("[O]ther authorities empower the Court to assign to Magistrate Judge Harvey substantially the same duties as the Court assigned in its previous referral. The Court shall therefore reassign these duties to Magistrate Judge Harvey pursuant to those authorities."). For these reasons, Dr. Navarro respectfully reiterates his objections to Magistrate Judge Harvey's jurisdiction in this matter.

The government seeks to downplay the importance of Magistrate Judge Harvey's involvement in this matter, stating that the ultimate issue in this case was decided by the Court's March 9, 2023, Judgment, and therefore that all proceedings afterwards are, "the equivalent of a damages calculation, because it determines the extent, and not the fact, of liability." Response to Objection, at 2-3 (Dec. 20, 2024) (ECF No 066). This reasoning is flawed and reductive, as substantive law is broader than simply defining liability in the case. The term "procedural law" has been defined in contrast with "substantive law," and while an exact definition may not exist, the ultimate distinction appears to be that, "[s]ubstantive law [is] [t]he part of the law that creates, *defines*, and *regulates the rights*, *duties*, and *powers of parties* . . . while the law of procedure defines the modes and conditions of the application of the one to the other." *Select Specialty Hosp.- Denver, Inc. v. Azar*, 391 F. Supp. 3d 53, 68 (D.D.C. 2019) (emphasis added) (quoting BLACK'S

LAW DICTIONARY (11th ed. 2019) (quoting John Salmond, *Jurisprudence* 476 (Glanville L. Williams ed., 10th ed. 1947))). Magistrate Judge Harvey's assignment is to, "issue a Report & Recommendation recommending a disposition as to [the documents remaining at issue.]" Order, at 1 (Apr. 9, 2024) (ECF No. 042). In other words, Magistrate Judge Harvey's assignment is to define the rights of the government and the duties of Dr. Navarro under the Presidential Records Act, far from mere procedural determinations. As stated in the initial objections, the only case in the District Court for the District of Columbia that supports that a magistrate may be assigned to post-judgment proceedings highlights the importance that the post-judgment proceedings are clearly non-dispositive in nature. *See* Amended Objections, at 2 (Dec. 13, 2024) (ECF No. 064) (citing *Dist. Title v. Warren*, 265 F. Supp. 3d 17, 20 n.3 (D.D.C. 2017)). Other Circuits have made the same observation. *See e.g. FDIC v. Legrand*, 43 F.3d 163, 167 (5th Cir. 1995) (noting that *Gomez v. United States*, 490 U.S. 858 (1989) and other cases cited by objecting party applied to a magistrate's authorization to conduct *voir dire*, before noting that "these cases should have little relevance to determining the applicability of 28 U.S.C. § 636(b)(3) in this case, where the issue is whether the magistrate can conduct *a non[-]dispositive post[-]judgment discovery motion in a collection proceeding*[.]") (emphasis added). Further, to the extent the post-judgment proceedings in this case are based in liability, the rights of the government and Dr. Navarro, including any duties under the Presidential Records Act, are inextricably intertwined with such liability, a point repeatedly reiterated by the government. *See e.g.* Motion to Enforce Judgment, at 3 (May 31, 2023) (ECF No. 030) ("Defendant's filing offers no reassurance that these searches were sufficient to capture *all* PRA materials, thus raising concerns that Defendant might once again be misunderstanding this Court's order to require only specific narrow searches, rather than searches aimed at adequately capturing PRA materials in his possession.") (emphasis in original). *See also*

3

Reply to Defendant's Response to Show Cause Order, at 2 (Mar. 29, 2024) (ECF No. 041) ("As this Court has recognized, determining whether a record is Presidential or personal is not always an easy task, and involves exercising judgment."). It is dubious, at best, for the government to now liken these determinations to a simple "damages calculations[,]" when the parties are only at this point in proceedings because the government has repeatedly asserted the opposite. Response to Objections, at 2 (Dec. 20, 2024) (ECF No. 066).

The government also advances a theory that this Court should simply ignore the fact that review of Magistrate Judge Harvey's determinations is practically impossible.[1] The government first states, "although Defendant contends that the District Court here likely would not be able to meaningfully review a magistrate judge's oversight, he never explains why." Response to Objection, at 3 (Dec. 20, 2024) (ECF No. 066) (internal quotation marks omitted). The government proceeds to claim that Dr. Navarro, "concedes that District Court oversight and review *is* feasible." *Id.* (emphasis in original). The government makes this claim by mischaracterizing Dr. Navarro's observation that the only way the District Court could possibly review Magistrate Judge Harvey's rulings would be to, "re-review, at the very least, the eight hundred and ninety-two (892) records that Magistrate Judge Harvey identified as not having either already been produced to the government or already reviewed by this Court." Amended Objections, at 4 n.3 (Dec. 13, 2024) (ECF No. 064). However, the cited portion of the objections does clearly "explain why" there are practical oversight issues, as the objections highlight that the Court's only means of

---

[1] For clarity's sake, this point is not raised to question Magistrate Judge Harvey's qualifications in any way. However, the general principle is that magistrates must be subject to oversight and review by the district court judges who assigned the magistrates in order to have proper jurisdiction under the Magistrates Act and in order for the Magistrates Act itself to be constitutional. *See e.g. Fields v. Washington Metropolitan Area Transit Authority*, 743 F.2d 890, 894 (D.C. Cir. 1984) (highlighting, on the issue of the constitutionality of the Magistrates Act, the importance of, "the degree to which magistrates are controlled by Article III judiciary – both institutionally through appointment and general supervision, and more particularly through oversight by the district court judge of the individual magistrates' handling of each case[.]").

4

review would be to, at the very least, do all the work it assigned to Magistrate Judge Harvey. *Id.* This purported "concession" is the furthest thing from a concession and is robbed of its context, as the government leaves out more than half of the footnote. The original footnotes highlights that the Supreme Court has held that the "additional duties" clause likely does not confer jurisdiction upon a magistrate where necessary review can only be completed by taking steps that, "negate [the] time initially saved by the delegation." *Gomez v. United States*, 490 U.S. 858, 874-75 n.29 (1989) (citing *United States v. Ford*, 824 F.2d 1430, 1437 (2d Cir. 1987) (en banc), *cert denied*, 484 U.S. 1034 (1988)) The government's argument that the District Court can simply re-do all the work assigned to Magistrate Judge Harvey goes against the Supreme Court's analysis in *Gomez* and serves only to strengthen Dr. Navarro's objections.

## CONCLUSION

For the reasons contained herein, Dr. Navarro respectfully objects to the referral of this matter to Magistrate Judge G. Michael Harvey.

Dated: December 30, 2024               Respectfully submitted,

                                              */s/ Mark P. Nobile*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Stan M. Brand (D.C. Bar No. 213082)
Mark P. Nobile (D.C. Bar No. 1780761)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com
Mark@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*

## **CERTIFICATE OF SERVICE**

On December 30, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                               */s/ Mark P. Nobile*
Mark P. Nobile (D.C. Bar No. 1780761)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Mark@BrandWoodwardLaw.com