UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PETER K. NAVARRO,

Defendant.

Civil Action No. 22-2292 (CKK/GMH)

**MEMORANDUM OPINION & ORDER**
(April 7, 2025)

This Court is in receipt of Magistrate Judge G. Michael Harvey's [60] Amended Report and Recommendation ("Am. Rep. & Rec."), Defendant Peter K. Navarro's [64] Objections to the Magistrate Judge's Proposed Findings and Recommendations ("Objections" or "Objs."), and the United States' [65] Response to Defendant Navarro's Objections. The Court has reviewed the Report and Recommendation and the underlying documents *de novo*. Upon consideration of the parties' submissions, the relevant legal authority, and the entire record in this case, the Court shall **ADOPT** the Report and Recommendation in full.

**I. BACKGROUND**

The United States filed this civil action against former White House employee Peter K. Navarro to recover certain records that it contends are property of the United States because they are "Presidential records" within the meaning of the Presidential Records Act of 1978 ("PRA"), 44 U.S.C. §§ 2201–2209. The Court granted summary judgment to the United States, ordered Navarro to produce a set of Presidential records that he had already identified, and ordered the parties to meet and confer to discuss how Navarro would identify any additional Presidential records still in his possession. *See United States v. Navarro*, 664 F. Supp. 3d 48, 62 (D.D.C. 2023)

1

(CKK), *aff'd*, No. 23-5062, 2024 WL 1364354 (D.C. Cir. Apr. 1, 2024); Order and Judgment, ECF No. 15.

The parties initially reached an agreement on a proposed search procedure and schedule, and the Court adopted the parties' joint proposal. *See* Joint Status Rep., ECF No. 24; Minute Order (Apr. 12, 2023). Consistent with the parties' proposal, the Court ordered Navarro to "complete all searches for Presidential records on or before May 8, 2023." Minute Order (Apr. 12, 2023). After Navarro failed to complete the required searches by this deadline, the Court ordered him to "search for and identify all Presidential records generated across any and all of his personal accounts on which he transacted official business" using specified search parameters and to produce "all Presidential records" discovered in those searches to the United States on or before May 26, 2023. Order, ECF No. 28. The Court also ordered the United States to file a motion to enforce the Court's judgment on or before May 31, 2023, if it considered Navarro's productions in response to the Court's orders to be deficient. *Id.*

After receiving Navarro's productions, the United States moved to enforce the Court's judgment. *See* Mot. to Enforce, ECF No. 30. The United States expressed concern that Navarro's productions and filings "offer[ed] no reassurance" that his searches had been "sufficient to capture *all* PRA materials," as required by the Court's order. *Id.* at 3. It also noted that "the small number of records produced" raised "questions about the adequacy of [Navarro's] search and review procedures." *Id.* The Court granted this motion to enforce and ordered Navarro to produce for *in camera* review a "random sample" of emails he had identified as non-Presidential records after searching his email accounts for terms related to his official duties as a White House employee. *See* Order, ECF No. 32. The Court also ordered Navarro to file a notice under seal describing the parameters of the searches he performed to identify these emails. *See id.*

The Court then reviewed the sample of emails that Navarro produced. *See* Mem. Op. and Order, ECF No. 38. Based on this review, the Court concluded that at least 24% of the emails in the sample of purportedly non-responsive records that Navarro provided were in fact Presidential records, making it "clear the [Navarro] continues to possess Presidential records that have not been produced to their rightful owner, the United States." *Id.* at 5. The Court further concluded that Navarro's "error rate" in identifying Presidential records in his own searches was "likely 'unacceptably high.'" *Id.* (quoting *Meeropol v. Meese*, 790 F.2d 942, 960 (D.C. Cir. 1986)).

To effectuate its judgment requiring Navarro to return all Presidential records to the United States, the Court referred this case to Magistrate Judge G. Michael Harvey "to conduct an *in camera* review of the documents in [Navarro's] possession, custody, or control that may be Presidential records . . . and to issue a Report and Recommendation recommending a disposition as to those records pursuant to LCvR 72.3(a)." Order, ECF No. 43, at 1. To facilitate that review, the Court ordered Navarro to "lodge with the Chambers of Magistrate Judge Harvey all documents that prior searches have identified as potential Presidential records," with specific labels to help identify each document. *Id.* Finally, the Court ordered that "Magistrate Judge Harvey shall have the authority to conduct any proceedings and issue any orders as may be appropriate to aid in consideration of the issues before him, including but not limited to ordering discovery as authorized by the Federal Rules of Civil Procedure, taking testimony under oath, requiring additional briefing, and scheduling." *Id.* at 2.

In accordance with this Court's Order, Magistrate Judge Harvey began reviewing a set of 1,838 documents sent from or received by one of Navarro's personal email accounts during his tenure at the White House. *See* First Rep. & Rec., ECF No. 52, at 3–4. Subtracting documents that Navarro had already produced to the United States and documents that this Court concluded

were Presidential records during its review of a 50-email sample, Magistrate Judge Harvey identified a total of 892 documents requiring review. *Id.* Based on his review, Magistrate Judge Harvey recommended that this Court find that 538 of the documents at issue are not Presidential records. *Id.* at 4–11. Magistrate Judge Harvey intends to address the remaining 354 documents in a separate Report and Recommendation after further proceedings. *See* Order, ECF No. 53.

Navarro then filed timely Objections to Magistrate Judge Harvey's First Report and Recommendation. *See* Objs., ECF No. 54. In his Objections, Navarro contested the validity of Magistrate Judge Harvey's "referral by the district court to handle post-judgment proceedings in this matter" and argued that Magistrate Judge Harvey lacks jurisdiction in this case. *Id.* at 2–4. This Court ultimately agreed with one of Navarro's arguments and concluded that a referral under Local Rule of Civil Procedure 72.3(a) was not the proper vehicle for a referral in this case. *See* Am. Mem. Op. & Order, ECF No. 61, at 6. However, this Court concluded that the "additional duties" clauses of 28 U.S.C. § 636(b)(3) and Local Rule of Civil Procedure 72.1(b)(7) allowed a substantially similar referral. *See* Am. Mem. Op. & Order at 7–8. The Court therefore terminated its prior referral to Magistrate Judge Harvey and ordered a renewed referral under the "additional duties" clauses of 28 U.S.C. § 636(b)(3) and Local Rule of Civil Procedure 72.1(b)(7). Am. Mem. Op. & Order at 8–9.

In its renewed referral, this Court directed Magistrate Judge Harvey to "review his initial Report, make any modifications he deems appropriate, and resubmit the Report to the Court pursuant his authority under this Order." Am. Mem. Op. & Order at 9. This Court noted that "[b]ecause the source of Magistrate Judge Harvey's jurisdiction to issue recommendations to this Court does not affect the substantive standards he must apply when reviewing the documents at issue," he was "not required to re-review any individual documents produced by Navarro that he

ha[d] already reviewed in response to the Court's initial referral." *Id.* This Court also set deadlines for the parties to file any objections to Magistrate Judge Harvey's proposed findings of fact and stated that it would "review *de novo* those portions of Magistrate Judge Harvey's recommended findings of fact and conclusions of law to which the parties raise timely objections consistent with this Order." *Id.* at 9–10.

Magistrate Judge Harvey then issued an Amended Report and Recommendation pursuant to his authority under the Court's renewed referral. *See* Am. Rep. & Rec., ECF No. 60. In his Amended Report and Recommendation, Magistrate Judge Harvey renews his recommendation that this Court find that 538 of the documents that Navarro has produced for *in camera* review are not Presidential records. *Id.* at 4–11.

Navarro then filed Objections to Magistrate Judge Harvey's Amended Report and Recommendation, which this Court accepted as timely despite a technical deficiency with the original filing. *See* Objs., ECF No. 64 (corrected); Objs., ECF No. 63 (original); Min. Order (Dec. 12, 2024). In his Objections, Navarro again contests the validity of the referral to Magistrate Judge Harvey and argued that he lacks jurisdiction in this case. *See* Objs., ECF No. 64, at 2–4. Navarro does not contest any of Magistrate Judge Harvey's recommendations regarding the proper classification of documents submitted for *in camera* review. *See id.* The United States filed a response to Navarro's Objections, in which it argues that the referral to Magistrate Judge Harvey was proper and that the Objections should be overruled. *See* Resp. to Objs., ECF No. 66.

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of the Magistrate Judge's recommended findings of fact and conclusions of law to which any party has raised a timely objection. *See* Am. Mem. Op. & Order, ECF No. 61, at 9–10; *cf.* LCvR 72.3(c).

## III. ANALYSIS

### A.     The Court's Referral to Magistrate Judge Harvey Was Proper.

In its most recent Memorandum Opinion and Order, ECF No. 61, this Court reassigned this matter to Magistrate Judge Harvey under the "additional duties" clause of 28 U.S.C. § 636(b)(3), which provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," and Local Rule of Civil Procedure 72.1(b)(7), which provides essentially the same authority.  *See* LCvR 72.1(b)(7) (providing that, "[a]t the request of the district judge to whom the case is assigned," a magistrate judge has "the duty and power to . . . [p]erform any additional duty not inconsistent with the Constitution and laws of the United States.").  *See* Am. Mem. Op. & Order, ECF No. 61, at 7–9.

As Navarro has previously acknowledged, *see* Objs., ECF No. 54, at 3–4, other courts have concluded that this "additional duties" clause allows referrals to magistrates for proceedings such as post-judgment discovery or damages calculations.  *See, e.g.*, *Dist. Title v. Warren*, 265 F. Supp. 3d 17, 20 n.3 (D.D.C. 2017) (ABJ) (discovery); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995) (discovery); *Interstate Fire & Cas. Co. v. Washington Hosp. Ctr. Corp.*, 917 F. Supp. 2d 87, 89 (D.D.C. 2013) (ABJ) (damages), *aff'd*, 758 F.3d 378 (D.C. Cir. 2014); *Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999) (damages); *see also Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) ("[A] district court may refer post-judgment matters to a magistrate judge under the 'additional duties' provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making.").

Navarro has correctly noted that it appears to be an open question in this Circuit whether the broad grant of authority in the "additional duties" clause of 28 U.S.C. § 636(b)(3) allows a magistrate judge to conduct proceedings and issue a report and recommendation to the district court regarding post-judgment disputes.  *See* Objs., ECF No. 64, at 2.  This Court has concluded,

6

as at least one other court in this District and several in other Circuits have done, that magistrate judges do have this power. *See* Am. Mem. Op. & Order, ECF No. 61, at 7–8; *Dist. Title*, 265 F. Supp. 3d at 20 n.3; *see also, e.g.*, *LeGrand*, 43 F.3d at 168; *Callier*, 167 F.3d at 982–83; *Gaiters*, 226 F. App'x at 829. Because proceedings in aid of a civil judgment, like those at issue here, are "matters comparable in importance to those section 636(b)(1) authorizes a magistrate judge to address before trial" and an assignment of such proceedings is "'entirely consistent with a magistrate's other duties,'" the Court has previously concluded and reaffirms today that ordering Magistrate Judge Harvey to conduct post-judgment proceedings in this case under the "additional duties" clause is proper. *See* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3068.1 (3d ed.) (West 2024) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991)) (collecting cases).

Navarro argues that the topic of this Court's referral to Magistrate Judge Harvey is too "critical" to the case to be referred to a magistrate judge under the "additional duties" clauses of 28 U.S.C. § 636(b)(3) and Local Rule 72.1(b)(7), but he offers no persuasive explanation why that is so. *See* Objs., ECF No. 64, at 3. The "critical" issue in this case has already been decided: this Court has held that the United States may maintain a replevin action to recover all Presidential records in Navarro's possession, entered summary judgment in favor of the United States, and ordered Navarro to turn over to the United States all Presidential records in his possession. *See Navarro*, 664 F. Supp. 3d at 60–63; Order and Judgment, ECF No. 15; Order, ECF No. 28; Order, ECF No. 32. All that remains is to effectuate the Court's judgment. Toward that end, this Court has called for Magistrate Judge Harvey to propose findings about what specific property Navarro must returned to the United States to satisfy the Court's judgment. *See* Am. Mem. Op. & Order, ECF No. 61, at 9–10; *see also* Order, ECF No. 43. As the United States correctly notes, the task

7

that the Court has assigned to Magistrate Harvey is analogous to the task of recommending a specific sum of damages after a district court has made a finding of liability. *See* Resp. to Objs., ECF No. 66, at 2–3. And issuing a report and recommendation on the issue of damages is within the recognized scope of magistrate judges' powers under the "additional duties" clause of the relevant statute and rules. *See, e.g.*, *Interstate Fire & Cas. Co.*, 917 F. Supp. 2d at 89; *Callier*, 167 F.3d at 982–83. Accordingly, this Court concludes that its referral to Magistrate Judge Harvey falls within the reach of those clauses, too.

Arguing to the contrary, Navarro attempts to analogize the referral in this case to a referral of the *voir dire* process to a magistrate judge in a felony criminal case, which the Supreme Court has held is impermissible if the defendant objects. *See id.*; *Gomez v. United States*, 490 U.S. 858, 874–75 (1989). But this analogy misses the mark.

The Supreme Court held that the *voir dire* process in a felony case cannot be referred to a magistrate judge over a defendant's objection because that process relies centrally on scrutiny of "not only spoken words but also gestures and attitudes of all participants." *See Gomez*, 490 U.S. at 875. In reaching this conclusion, the Court emphasized that "no transcript can recapture the atmosphere of the *voir dire*," making the physical presence of the presiding district judge essential to a fair and fully informed ruling. *Id.* The Court reasoned that the role of "gestures," "attitudes," and "atmosphere" in the *voir dire* process distinguish a referral to oversee *voir dire* from a referral for a "preliminary review" in a Social Security case involving "closed administrative record[s]," which a district court can easily and fairly review after the fact. *Id.* at 875 & n.29.

The subject matter of this Court's referral to Magistrate Judge Harvey has much more in common with a routine "preliminary review" in a Social Security case than with oversight of *voir dire* in a felony criminal case. This Court has a complete copy of the documents that Magistrate

8

Judge Harvey has reviewed, allowing it to make a *de novo* determination of whether each of those documents is a Presidential record. There is no need for Magistrate Judge Harvey or this Court to scrutinize "gestures," "attitudes," "atmosphere," or any other in-court conduct to complete the required analysis. *Cf. Gomez*, 490 U.S. at 875. Therefore, this Court rejects Navarro's argument that the referral to Magistrate Judge Harvey amounts to an assignment "to essentially rule on the issue that will ultimately decide the result of the proceedings." *See* Objs., ECF No. 64, at 3–4. This Court retains ultimately responsibility for deciding what documents must be returned to the United States to effectuate the Court's judgment, and the parties are free to present to this Court any and all proper arguments to inform that decision. *See* Am. Mem. Op. & Order, ECF No. 61, at 9–10; *accord Callier*, 167 F.3d at 982–83; *Gaiters*, 226 F. App'x at 829.

In sum, the Court reaffirms its conclusion that referring this matter to Magistrate Judge Harvey under the "additional duties" clauses of 28 U.S.C. § 636(b)(3) and Local Rule 72.1(b)(7) was proper and conferred authority on Magistrate Judge Harvey to issue the [60] Amended Report and Recommendation that is now before the Court. This Court shall therefore **OVERRULE** Navarro's [64] Objections to the Court's renewed referral to Magistrate Judge Harvey.

    **B.**    **The Court Adopts the Undisputed Findings of Fact and Conclusions of Law in Magistrate Judge Harvey's Amended Report and Recommendation.**

Magistrate Judge Harvey recommends that this Court find that a total of 538 documents that Navarro has not yet produced to the United States are not Presidential records. *See* Am. Rep. & Rec., ECF No. 60, at 4–11; *see also* 44 U.S.C. § 2201(2) (defining "Presidential records"). Magistrate Judge Harvey recommends finding that 91 of these documents were sent to or from a private service provider of which Navarro is or was a customer purely in his personal capacity, 37 contain no substantive content, 39 were communications about book deals or Navarro's career in academia that do not "relate to or have an effect upon the carrying out of the constitutional,

statutory, or other official or ceremonial duties of the President," 332 were communications on purely personal matters, and 39 were communications about the White House or President Trump that do not "relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President."  Am. Rep. & Rec. at 4–11 (quoting 44 U.S.C. § 2201(2)).

Neither party has objected to or identified any deficiency in Magistrate Judge Harvey's recommended classifications of these 538 documents or the factual findings supporting those recommendations.  *See* Objs., ECF No. 64; Resp. to Objs., ECF No. 66.

This Court has reviewed, *in camera* and *de novo*, a complete copy of the 538 documents identified in Magistrate Judge Harvey's [60] Amended Report and Recommendation.  Based on that review, the Court finds—as did Magistrate Judge Harvey—that none of the identified documents is a Presidential record.  Accordingly, the Court shall **ADOPT** Magistrate Judge Harvey's [60] Amended Report and Recommendation in full.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **OVERRULES** Navarro's [64] Objections to Magistrate Judge Harvey's [60] Amended Report and Recommendation and **ADOPTS** the [60] Amended Report and Recommendation in full.

**SO ORDERED.**

**Dated:**  April 7, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge